ROSEN & ASSOCIATES, P.C.
Attorneys for the Debtor
  and Debtor in Possession
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Jeffrey S. Davis

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MICHAEL ALBANO,<br><br><div align="center">Debtor.</div> | CHAPTER 11<br><br>Case No.:  11-14948 (SHL) |

SUPREME COURT OF THE STATE OF
NEW YORK, COUNTY OF NEW YORK

| | |
|---|---|
| DAVID KING REAL PROPERTIES TWO, LLC,<br><br><div align="center">Plaintiff,</div><br><div align="center">-against-</div><br><br>HOUSTON ACQUISITION, LLC, MICHAEL ALBANO, MARC A. BERNSTEIN, BERNSTEIN & BERNSTEIN, LLP, RDLF FINANCIAL SERVICES, LLC, RONI DERSOVITZ, THERESA ALBANO, and TITAN CAPITAL ID, LLC,<br><br><div align="center">Defendants.</div> | Index No. 103724/2009 |

## NOTICE OF REMOVAL OF
## STATE COURT ACTION TO THE BANKRUPTCY COURT

Notice is hereby given that Michael Albano, the above-captioned debtor and debtor in possession (the "**Debtor**), and a defendant and counterclaimant in the above-captioned action pending in the Supreme Court of the State of New York, County of New York, Index No. 130724/2009 (the "**State Court Action**"), hereby removes the State Court Action to the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") and, by his attorneys, Rosen & Associates, P.C., represents:

1.      On October 25, 2011 (the "**Petition Date**"), the Debtor commenced a voluntary case in the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

2.      On the Petition Date, the Debtor owned two contiguous properties located at 165 Ridge Street, New York, NY and 331 Houston Street, New York, NY (hereinafter collectively referred to as the "**Property**").

3.      On or about August 18, 2008, at which time the Property was owned by Houston Acquisition, LLC ("**Houston**"), Houston entered into a contract of sale with David King Real Properties Two, LLC ("**David King**"), under which David King agreed to purchase the Property.  Marc Bernstein ("**Bernstein**") of Bernstein & Bernstein, LLP, represented Houston in connection with the sale.

4.      Under the contract of sale, David King made a down payment of $900,000 (the "**Down Payment**").  However, the sale did not close and Bernstein, who was responsible for maintaining the Down Payment in his escrow account, converted the funds.

5.      On March 17, 2009, David King commenced the State Court Action against, among others, the Debtor, in which it alleged, among other things, that because the Debtor failed and refused to (a) deliver clear and marketable and/or insurable title to the Property and (b) close under the contract of sale, David King was entitled to a judgment in the amount of

2

the Down Payment together with interest, consequential and punitive damages.  On the same

date, David King filed a *lis pendens* against the Property in the amount of the Down Payment.

6.      The Debtor, as successor in interest to Houston as owner of the Property,

and the other defendants in the State Court Action, asserted counterclaims for the amount of the

Down Payment, together with interest and costs, as liquidated damages, based on their allegation

that David King defaulted under the contract of sale.

7.      The State Court Action has been stayed by the Debtor's bankruptcy filing.

8.      On or about February 21, 2012, David King filed proof of claim no. 6 in

the amount of the Down Payment;

9.      On October 2, 2012, the Debtor and David King entered into a stipulation,

"so-ordered" by the Bankruptcy Court on October 3, 2012, under which the automatic stay was

modified so that the State Court Action can continue and thus, the parties' respective rights to the

Down Payment can be adjudicated and the amount of David King's proof of claim, if any, can be

fixed.  Under the stipulation, the parties also agreed to the removal of the State Court Action to

the Bankruptcy Court.  A copy of the stipulation is attached hereto as Exhibit "A."

10.     The State Court Action is related to the Debtor's chapter 11 case because

the outcome of that action will directly affect the Debtor's estate and the amount of funds

available for distribution to his creditors.  If the Debtor prevails in the State Court Action, the

Debtor's estate will be entitled to receive approximately $300,000 from The Lawyers Fund for

Client Protection of the State of New York based on Bernstein's dishonest conduct relating to his

conversion of the Down Payment, and those funds will be available for distribution to creditors.

Additionally, certain proceeds remaining from the sale of the Property, to which David King's *lis*

*pendens* has attached, will become unencumbered and available to satisfy creditor claims.

11.     Therefore, pursuant to 28 U.S.C. § 1334(b), the United States District

Court for the Southern District of New York (the "**District Court**") has jurisdiction over the State Court Action, and in accordance with 28 U.S.C. § 1452(a), the Debtor may remove the State Court Action to the District Court.

12.     Under 28 U.S.C. § 157(a), the District Court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.   Pursuant to the District Court's Amended Standing Order of Reference M10-468 dated January 31, 2012, any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are  referred to the bankruptcy judges for this district.   Accordingly, the District Court may refer the State Court Action to the Bankruptcy Court.

13.     The State Court Action is a non-core proceeding within the meaning of 28 U.S.C. § 157(b) but is otherwise related to a case under title 11 in accordance with 28 U.S.C. § 157(c)(1) as discussed above.   Therefore, the Bankruptcy Court may hear the State Court Action.

14.     Pursuant to 28 U.S.C. § 157(c)(2) of the Bankruptcy Code, the Debtor and David King have consented to the entry of final orders or judgments by the Bankruptcy Court adjudicating the State Court Action, as set forth in the stipulation referenced above and attached hereto.

15.     In accordance with Bankruptcy Rule 9027(a)(2), this Notice of Removal is being filed within thirty (30) days after entry of the order terminating the automatic stay with respect to the State Court Action.

16.     Copies of all process, pleadings (as defined by the Federal Rules of Civil Procedure Rule 7(a) made applicable to adversary proceedings by Rule 7007 of the Federal Rules of Bankruptcy Procedure), and orders filed prior to removal are attached hereto as Exhibit "B."

17.     Promptly after the filing hereof, the undersigned shall file a copy of this

notice with the Clerk of the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
          November 2, 2012

ROSEN & ASSOCIATES, P.C.
Attorney for the Debtor
  and Debtor in Possession

By:  /s/ Jeffrey S. Davis
        Jeffrey S. Davis

747 Third Avenue
New York, NY  10017-2803
(212) 223-1100

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re                                                            Case No. 11-14948 (SHL)

MICHAEL ALBANO,                                                  Chapter 11

                                    Debtor.

-------------------------------------------------------------x

### STIPULATION AND ORDER MODIFYING AUTOMATIC STAY
### WITH RESPECT TO PENDING STATE COURT ACTION
### COMMENCED BY DAVID KING REAL PROPERTIES TWO, LLC

WHEREAS, on October 25, 2011 (the "**Petition Date**"), Michael Albano, the

above-captioned debtor and debtor in possession (the "**Debtor**"), commenced in this Court a

voluntary case under chapter 11 of the Bankruptcy Code;

WHEREAS, on the Petition Date, the Debtor owned two contiguous properties

located at 165 Ridge Street, New York, NY and 331 Houston Street, New York, NY (hereinafter

collectively referred to as the "**Houston/Ridge Property**");

WHEREAS, on or about August 18, 2008, Houston Acquisition, LLC

("**Houston**") entered into a contract of sale with David King Real Properties Two, LLC ("**David**

**King**"), under which David King agreed to purchase the Houston/Ridge Property;

WHEREAS, David King made a down payment of $900,000 (the "**Down**

**Payment**") under the contract of sale;

WHEREAS, on March 17, 2009, David King commenced an action in the

Supreme Court of the State of New York, County of New York (Index No. 130724/2009) (the

"**State Court Action**") against, among others, the Debtor and Houston, in which it alleged,

among other things, that because the Debtor failed and refused to deliver clear and marketable and/or insurable title to the Houston/Ridge Property and close under the contract of sale, David King was entitled to a judgment in the amount of the Down Payment together with interest, consequential and punitive damages;

WHEREAS, the Debtor (and his co-defendants in the State Court Action) asserted counterclaims for the amount of the Down Payment, together with interest and costs, as liquidated damages, based on their allegation that David King defaulted under the contract of sale;

WHEREAS, David King and Debtor and his co-defendants each moved for summary judgment, but their respective motions were denied;

WHEREAS, the State Court Action has been stayed by the Debtor's bankruptcy filing;

WHEREAS, David King filed a *lis pendens* against the Houston/Ridge Property in the amount of the Down Payment;

WHEREAS, on or about February 21, 2012, David King filed proof of claim no. 6 in the amount of the Down Payment;

WHEREAS, the Debtor and David King desire to continue the State Court Action so that their respective rights, if any, to the Down Payment can be adjudicated and the amount of David King's claim, if any, can be fixed;

WHEREAS, because the Debtor and David King desire that this Court adjudicate the issues raised in State Court Action, the Debtor intends to file a notice of removal of the State Court Action to this Court upon entry of this Stipulation and Order;

2

WHEREAS, the Debtor represents that on June 13, 2012, SMA, Inc. closed on the purchase of the Houston/Ridge Property pursuant to an order of this Court;

WHEREAS, the Debtor represents that his counsel is maintaining $67,753.25 in its escrow account which amount represents proceeds from the sale of the Houston/Ridge Property and that such proceeds are net of disbursements, except for quarterly fees remaining payable to the United States Trustee, that were made in accordance with stipulations "so-ordered" by this Court (the "**Net Sale Proceeds**"); and

WHEREAS, the Debtor and David King have agreed to a modification of the stay on the terms and conditions set forth below.

NOW, THEREFORE, it is hereby stipulated, agreed, and ordered, by and between the undersigned, that:

1.    In accordance with 28 U.S.C. § 157(c)(2) of the Federal Rules of Bankruptcy Procedure, the parties hereto consent to this Court entering a final order or judgment adjudicating the State Court Action.

2.    Upon entry of this Stipulation and Order by this Court, the automatic stay imposed by section 362 of the Bankruptcy Code shall be modified solely to allow the State Court Action to continue; provided, however, that David King may not take any action to enforce against the Debtor or his estate any judgment that may be entered in its favor in the State Court Action; provided, further, that David King may (i) file a claim for amounts due under any such judgment with The Lawyers' Fund for Client Protection of the State of New York, to the extent it has such rights under applicable non-bankruptcy law, (ii) file an amended proof of claim in the amount of any such judgment, less any amount collected from such fund, and (iii) David King

3

may, upon entry of any judgment in its favor by this Court or in the State Court Action, seek to enforce such judgment against non-Debtor parties but not against the Debtor or his estate.

3.      Nothing herein shall be construed as to preclude David King from enforcing any judgment it obtains from this or any other court against Debtor or his estate provided: (i) David King obtains from this Court an order further modifying the automatic stay to provide such relief; or (ii) the Debtor's bankruptcy case is dismissed; or (iii) the Debtor's discharge is denied under section 727 of the Bankruptcy Code; or (iv) the dischargeability of David King's claims against the Debtor is denied under section 523 of the Bankruptcy Code; or (v) the enforcement of such judgment is otherwise allowed by the bankruptcy law.

4.      The parties hereto agree to take any and all reasonable and necessary steps, including the signing of documents and engaging in discovery, to effectuate this Stipulation and Order.

5.      The Net Sale Proceeds or any other sums Debtor received from the sale of the Houston/Ridge Property that the Debtor is not required to disburse in accordance with the stipulations already "so-ordered" by this Court shall be maintained by the Debtor's counsel in a segregated interest bearing escrow account pending further order of this Court.

6.      Subject to this Court's "so-ordering" of this Stipulation and Order, David King will not object, or otherwise challenge, the removal of the State Court Action to this Court.

7.      Other than the representations contained herein, no representations have been made to induce any party hereto to enter into this Stipulation and Order.

8.      This Stipulation and Order has been jointly drafted by the parties hereto at arms' length and each party has had access to and the opportunity to consult with independent legal counsel and to comment fully on this Stipulation and Order. Accordingly, in the event of

4

any dispute regarding the interpretation of any provision of this Stipulation and Order, such disputed provision shall not be construed against any party hereto solely by virtue of such party having taken part in the drafting of this Stipulation and Order.

9.      This Stipulation and Order shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

10.     This Stipulation and Order shall be governed by and construed in accordance with the laws of the State of New York without giving effect to its conflict of law provisions or choice of law rules and, to the extent applicable, the Bankruptcy Code.

11.     The parties hereto consent to the exclusive jurisdiction of this Court, or of any court designated to hear appeals from this Court, to hear and consider any disputes relating to the interpretation and enforcement of this Stipulation and Order.

12.     Each person who executes this Stipulation and Order represents that he or she is duly authorized to execute this Stipulation and Order on behalf of the respective parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order.

13.     This Stipulation and Order constitutes the entire agreement between the parties hereto with respect to the transactions and matters contemplated herein. It is understood and agreed that all other previous undertakings, negotiations and agreements between the parties hereto regarding the subject matter are superseded in their entirety by this Stipulation and Order.

14.     This Stipulation and Order cannot be amended, supplemented or modified, nor may any provision hereof be waived, except by a written instrument executed by the party against whom enforcement of such amendment, supplement, modification, or waiver is sought.

15.    This Stipulation and Order may be executed by facsimile and/or electronic mail signatures, which shall be binding on the parties hereto as if it were an original document.

16.    This Stipulation and Order, and the terms and conditions contained herein, are subject to the approval of this Court and shall be of no force or effect unless and until approved by this Court.

Dated: October 2, 2012

SIMON EISENBERG & BAUM, LLP                    ROSEN & ASSOCIATES, P.C.


/s/ Brian Ullman                                          /s/ Jeffrey S. Davis
Brian Ullman                                             Jeffrey S. Davis
24 Union Square East                                     747 Third Avenue
New York, NY 10003                                       New York, NY 10017
Telephone: (888) 528-1614                                Telephone: (212) 223-1100
Facsimile: (212) 353-1708                                Facsimile: (212) 223-1102

Attorneys for David King Real Properties Two, LLC    Attorneys for the Debtor



SO-ORDERED, this
3rd  day of **October** 2012


*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE

6

Exhibit "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

DAVID KING REAL PROPERTIES TWO, LLC,

                                    Plaintiff,

            -against-                                    **VERIFIED COMPLAINT**

HOUSTON ACQUISITION LLC,                          Index No.
MICHAEL ALBANO, MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,                                  009103724
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ, THERESA ALBANO
and TITAN CAPITAL ID, LLC,

                                    Defendants.

------------------------------------------------------------------x

        Plaintiff, by its attorneys, SIMON, EISENBERG & BAUM, LLP, complaining of the

defendants, allege upon information and belief:

        1. That, at all times hereinafter mentioned, plaintiff, DAVID KING REAL

PROPERTIES TWO, LLC (hereinafter "DAVID KING"), was and still is a New York limited

liability company, duly organized and existing under the laws of the State of New York.

        2. That, upon information and belief, at all times hereinafter mentioned, defendant,

HOUSTON ACQUISITION, LLC (hereinafter "HOUSTON"), was and still is a New York limited

liability company, duly organized and existing under the laws of the State of New York.

        3. That, upon information and belief, at all times hereinafter mentioned, defendant,

MICHAEL ALBANO (hereinafter "MR. ALBANO"), was and still is a resident of the County of

Nassau, State of New York.

4. That, upon information and belief, at all times hereinafter mentioned, defendant, THERESA ALBANO (hereinafter "MS. ALBANO"), was and still is a resident of the County of Nassau, State of New York.

5. That, upon information and belief, at all times hereinafter mentioned, defendant, BERNSTEIN & BERNSTEIN, LLP (hereinafter "B&B"), was and still is a New York limited liability partnership for the practice of law, and duly organized and existing under the laws of the State of New York.

6. That, upon information and belief, at all times hereinafter mentioned, defendant, MARC A. BERNSTEIN (hereinafter "MR. BERNSTEIN"), is an attorney at law, with offices located in the City, County and State of New York, and partner in defendant B&B.

7. That, upon information and belief, at all times hereinafter mentioned, defendant, TITAN CAPITAL ID, LLC (hereinafter "TITAN"), was and still is a New York limited liability company, duly organized and existing under the laws of the State of New York.

8. That, upon information and belief, at all times hereinafter mentioned, defendant, RDLF FINANCIAL SERVICES, LLC (hereinafter "RDLF"), was and still is a New York limited liability company, duly organized and existing under the laws of the State of New York.

9. That, upon information and belief, at all times hereinafter mentioned, defendant, RONI DERSOVITZ (hereinafter "MR. DERSOVITZ"), was and still is a resident of the State of New York.

## SUBSTANTIVE ALLEGATIONS

10. That on or about the 18th day of August, 2008, DAVID KING entered into a contract of sale with defendants, HOUSTON and MR. ALBANO for the purchase of real property

2

known as 331 East Houston Street and 165 Ridge Street (which are adjacent to one another) in the City, County and State of New York (hereinafter collectively the "Properties"). A copy of said contract of sale is annexed hereto as Exhibit "A."

11. That in consideration of the purchase price of the Properties, plaintiff deposited with defendant B&B, as escrow agent, the initial sum of $750,000.00 (the "Initial Down Payment") representing the down payment for the purchase of the Properties.

12. MR. BERNSTEIN was the attorney for defendants HOUSTON and MR. ALBANO.

13. MR. BERNSTEIN is a member of HOUSTON.

14. Thereafter, pursuant to a further request of HOUSTON and MR. ALBANO, plaintiff deposited with B&B the additional sum of $150,000.00, as an additional down payment (the "Additional Down Payment") which plaintiff allowed to be released prior to closing. See letter dated December 11, 2008 annexed hereto as Exhibit "B."

15. On or about September 2, 2008, plaintiff retained the services of FIDELITY NATIONAL TITLE COMPANY, INC. (hereinafter "FIDELITY") to order a title report regarding the Properties.

16. FIDELITY rendered its title report No. 08-7405-52917-NYM dated September 2, 2008 (hereinafter "Fidelity Title Report") and sellers' attorney, MR. BERNSTEIN, and plaintiff's attorneys, SIMON, EISENBERG & BAUM, LLP, ("SEB") each received a copy of same. A copy of the Fidelity Title Report is annexed hereto as Exhibit "C."

17. Subsequently, SEB notified MR. BERNSTEIN that there were objections under the Fidelity Title Report (as set forth on Schedule "B" thereof) and that it was sellers' attorney's

3

responsibility to remove same prior to closing. See letters dated November 13, 2008 and March 6, 2009 from SEB to B&B, collectively annexed hereto as Exhibit "D."

18.    No response from MR. BERNSTEIN was ever received by SEB with regard to the objections to title. On or about February 23, 2009, SEB contacted MR. BERNSTEIN to confirm whether sellers had cleared the objections to title. SEG again received no response.

19.    Thereafter, B&B issued a time of the essence letter to purchaser that stated a closing of title was scheduled for February 23, 2009 at 2:00 p.m. at the offices of SEB.

20.    At approximately 3:00 p.m. on February 23, 2009, MR. BERNSTEIN appeared at the offices of SEB. Title could not be closed on such date since FIDELITY ran a continuation search of the Fidelity Title Report and discovered that not only had the exceptions to title never been removed but that: (i) a Lis Pendens had been filed against the Properties, the basis for which was an action commenced in the Supreme Court, New York County, under Index Number 101391/09 (the "Underlying Court Action") by one of the sellers' lenders, defendant RDLF and defendant MR. DERSOVITZ, which alleged a fraudulent deed transfer in the chain of title involving the individual defendant herein, MR. ALBANO and his sister, defendant MS. ALBANO; (ii) there was a deed dated August 22, 2008 that was improperly notarized by MR. BERNSTEIN on behalf of HOUSTON even though MR. BERNSTEIN was a member of HOUSTON; (iii) no corporate resolutions, Certificate of Organization and Operating Agreement of HOUSTON was ever presented to FIDELITY; (iv) no deed was prepared by sellers, and (v) other exceptions to title were not able to be cleared by sellers.

21.    Aside from being unprepared for the closing, MR. BERNSTEIN had not made DAVID KING aware of the pending litigation with RDLF and MR. DERSOVITZ, and when SEB

4

inquired about this, MR. BERNSTEIN unequivocally claimed that the Court had dismissed the action and was to issue an order to that effect.

22.    While at said closing, both FIDELITY and SEB advised MR. BERNSTEIN that the pending action must be dismissed with prejudice even before proceeding to clear the remaining objections to title. MR. BERNSTEIN stated he was going to the courthouse to obtain such an order. He thereupon left the closing with defendant MR. ALBANO and never provided the documentation to clear the remaining objections.

23.    On or about February 23, 2009, SEB sent MR. BERNSTEIN a time of the essence letter scheduling another closing for Monday, March 9th, 2009 at 2:00 p.m. at the offices of SEB. MR. BERNSTEIN was again advised that numerous title objections needed to be removed prior to closing. No response from MR. BERNSTEIN was forthcoming nor did he remove any of the open title objections. See letter dated February 23, 2009 annexed hereto as Exhibit "E."

24.    Thereafter, SEB made numerous demands upon MR. BERNSTEIN requesting that he confirm that the Initial Down Payment was being held in his attorney escrow account. MR. BERNSTEIN failed to respond. See letter dated March 3, 2009 annexed hereto as Exhibit "F".

25.    On or about March 5, 2009, SEB was notified by the law firm of DONOVAN & GIANNUZZI, LLP (hereinafter "D&G"), that it would be representing the sellers at the closing. SEB demanded that D&G notify it of the whereabouts of purchaser's Initial Down Payment. No response from D&G was forthcoming as to the Initial Down Payment, but instead D&G notified SEB that it was ready, willing and able to close title and forwarded to SEB a time of the essence letter scheduling a closing for March 9, 2009 at 2:00 p.m. at the offices of SEB.

26.    SEB responded that FIDELITY would still not insure title for the Properties

5

unless the numerous objections set forth on the title report were cleared.

27. On March 9, 2009, SEB requested from D&G that it confirm that the Initial Down Payment had continuously been held in an attorney's escrow account. Again, no response was forthcoming. See copy of letter dated March 9, 2009 annexed hereto as Exhibit "G".

28. On March 9, 2009 at 2:00 p.m., counsel from D&G appeared at the offices of SEB. FIDELITY again reviewed the file with its legal counsel, who advised it unequivocally in writing that FIDELTY would not insure title given the seriousness of the outstanding exceptions.

29. SEB again requested from counsel for D&G that it confirm that the Initial Down Payment had continually been held in an attorney's escrow account. Counsel from D&G would not confirm the holding of the Initial Down Payment, but he did produce an e-mail from MR. BERNSTEIN dated March 7, 2009, that MR. BERNSTEIN had tendered his resignation to the Bar but that said resignation had not yet been accepted. See copy of e-mail annexed hereto as Exhibit "H".

30. SEB also previously retained the services of CHICAGO TITLE INSURANCE COMPANY (hereinafter "CHICAGO"), another national title insurance agency, which gave its opinion that it would not insure title on these Properties until such exceptions had been cleared. A copy of the CHICAGO title report is annexed hereto as Exhibit "I".

31. On March 9, 2009, SEB advised D&G that plaintiff was ready, willing and able to close title and that the full amount of the funds were available, but that plaintiff would not close title until such time as the objections to title were cleared, which attorney MR. BERNSTEIN and the sellers had notice for many months.

32. At approximately 3:00 p.m. on said date, defendants MR. BERNSTEIN and MR.

6

ALBANO appeared at SEB's offices. MR. BERNSTEIN, who is an attorney, categorically refused

to confirm that the Initial Down Payment was and had been held in his attorney's escrow account,

nor could he produce a So Ordered Stipulation or Court Order discontinuing the Underlying Court

Action with prejudice commenced by RDLF and DERSOVITZ which FIDELITY required before it

would insure title.

33. SEB thereupon demanded an accounting of the escrow fund and the immediate

return of purchaser's Initial Down Payment and Additional Down Payment. MR. BERNSTEIN

stated that his banker was unavailable, but that he would furnish the requested documentation the

next day. To date, no document has been produced.

34. Upon information and belief, based on the foregoing, plaintiff believes that MR.

BERNSTEIN and/or B&B wrongfully and illegally paid out the Initial Down Payment to person or

persons unknown.

35. Defendants, RDLF, MR. DERSOVITZ, TITAN and MS. ALBANO, have or may

have or claim to have some interest in or lien upon the Properties.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS, HOUSTON
### ACQUISITION LLC, and MICHAEL ALBANO
### FOR BREACH OF CONTRACT

36. Plaintiff repeats and realleges each and every allegation in paragraphs numbered

"1" through "35" with the same force and effect as through fully set forth at length herein.

37. That as hereinabove set forth, plaintiff and defendants, HOUSTON and

ALBANO entered into a contract of a sale for the purchase of the Properties.

38. That defendants HOUSTON and ALBANO breached the agreement by failing

7

and refusing to deliver clear and marketable title to the Properties even though plaintiff provided valuable consideration therefore and thereafter refused to return the Initial Down Payment and Additional Down Payment.

39. As a direct and proximate result of HOUSTON and MR. ALBANO's said actions, plaintiff has been damaged in the sum of $900,000.00, together with interest, consequential damages and punitive damages in a sum to be fixed by the Court.

<div align="center">

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANTS, HOUSTON
ACQUISITION LLC, and MICHAEL ALBANO
<u>FOR FORECLOSURE</u>**

</div>

40. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "39" with the same force and effect as through fully set forth at length herein.

41. That as hereinabove set forth, plaintiff and defendants HOUSTON and ALBANO entered into a contract of sale for the purchase of the Properties.

42. That defendants, HOUSTON and MR. ALBANO, and each of them, breached the agreement by failing and refusing to deliver clear and marketable title to the Properties even though plaintiff provided valuable consideration therefore and thereafter refused to return the down payment.

43. That in view of the foregoing, plaintiff is seeking an order permitting the plaintiff, contract vendee, upon judgment, to sell the premises and obtain its down payment of $900,000, plus interest and consequential damages.

<div align="center">

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST DEFENDANTS, MARC A. BERNSTEIN
AND BERNSTEIN & BERNSTEIN, LLP FOR
<u>BREACH OF FIDUCIARY DUTY</u>**

</div>

8

44. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through " 43" with the same force and effect as through fully set forth at length herein.

45. That at all times mentioned in this complaint, B&B and BERNSTEIN were fiduciaries of plaintiff, in that said defendants, who are attorneys at law, represented that they would hold the sum of $750,000.00 in escrow and would not release same. Plaintiff totally relied on such representations and thus reposed plaintiff's entire confidence and trust in said defendants.

46. Said defendants, in performing and/or omitting to perform the acts mentioned above, breached the fiduciary duty owed by them.

47. As a direct and proximate result of the breach of fiduciary duty owed by such defendants to plaintiff, plaintiff suffered damages in the sum of $750,000.00, together with interest, consequential and punitive damages in a sum to be fixed by the Court.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANTS, MARC A. BERNSTEIN
### AND BERNSTEIN & BERNSTEIN, LLP FOR CONVERSION

48. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "47" with the same force and effect as through fully set forth at length herein.

49. That at all times mentioned in this complaint, defendants B&B and MR. BERNSTEIN were fiduciaries of plaintiff, in that said defendants, who are attorneys at law, represented that they would hold the Initial Down Payment in escrow and would not release same.

50. Based upon the foregoing, B&B and BERNSTEIN wrongfully took the Initial Down Payment and converted same to their own use.

51. As a direct and proximate result of said conversion, plaintiff has been damaged

9

Supreme Court Records OnLine Library - page 10 of 15

in the sum of $750,000.00 together with interest, consequential and punitive damages in a sum to be fixed by the court.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT MARC A. BERNSTEIN FOR FRAUD

52. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "51" with the same force and effect as through fully set forth at length herein.

53. That, upon information and belief, MR. BERNSTEIN, an attorney at law, contrived a fraudulent scheme to abuse the trust that had been placed in him by misappropriating money and assets from plaintiff and engaged in a pattern of conduct to conceal his larcenous acts.

54. Specifically, MR. BERNSTEIN concealed and induced or conspired with others to conceal monies which were placed in escrow on behalf of plaintiff.

55. That MR. BERNSTEIN's fraudulent conduct constitutes a clear and deliberate breach of his duties to plaintiff through a pattern of deceit, nondisclosure, concealment and obstruction, which has caused substantial harm to plaintiff.

56. Throughout this period, MR. BERNSTEIN engaged in a pattern of self-dealing and exploitation of the escrow monies and freely diverted said funds.

57. As a proximate result of MR. BERNSTEIN's fraudulent misrepresentations and otherwise wrongful conduct as hereinabove set forth, plaintiff has been damaged thereby.

58. By reason of the fraudulent and otherwise wrongful manner in which MR. BERNSTEIN converted the property of plaintiff, plaintiff has been damaged in the sum of $750,000.00 together with interest, consequential and punitive damages in a sum to be fixed by the Court.

10

WHEREFORE, plaintiff demands judgment as follows:

A. On the First Cause of Action against defendants, HOUSTON ACQUISITION, LLC and MICHAEL ALBANO in the sum of $900,000.00, together with interest, consequential and punitive damages in a sum to be fixed by the court;

B. On the Second Cause of Action against defendants HOUSTON ACQUISITION, LLC and MICHAEL ALBANO for an order permitting the plaintiff, contract vendee, upon judgment, to sell the premises and obtain its down payment of $900,000.00 plus interest and consequential damages;

C. On the Third Cause of Action against defendants, BERNSTEIN & BERNSETIN, LLP and MARC A. BERNSTEIN, in the sum of $750,000.00, together with interest, consequential and punitive damages in a sum to be fixed by the court;

D. On the Fourth Cause of Action against defendants, BERNSTEIN & BERNSETIN, LLP and MARC A. BERNSTIEN, in the sum of $750,000.00, together with interest, consequential and punitive damages in a sum to be fixed by the court;

E. On the Fifth Cause of Action against defendant, MARC A. BERNSTEIN, in the sum of $750,000.00, together with interest, consequential and punitive damages in a sum to be fixed by the court;

F. Such other, further, equitable and different relief as to the Court may be just and proper, and

G. The costs and disbursements of this action.

11

SIMON, EISENBERG & BAUM, LLP
By: ERIC M. BAUM
Attorneys for Plaintiff
24 Union Square East, Suite 500
New York, New York 10003
(212) 353-8700

12

03/14/2009 01:47 FAX  2123531708           SE and B                        ☑ 0017/0017

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK )

NEIL BENDER, being duly sworn, deposes and says:

I am the manager of plaintiff in the within action;  I have read

the foregoing Complaint and know the contents thereof;  the same is true to my own

knowledge except as to the  matters therein alleged upon information and belief and as to

those matters I  believe them to be true.

_____
NEIL BENDER

Sworn to before me this
_16_ day of March 2009
ERIC J. BRAUM
Notary Public, State of New York
No. 02BA6079214
Qualified in New York County
Commission Expires Aug. 19, 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

DAVID KING REAL PROPERTIES
TWO, LLC,

                             Plaintiff,

               -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

                            Defendants,
------------------------------------------------------------------X

INDEX NO:   103724/2009
VERIFIED ANSWER
AND COUNTERCLAIM

FILED

APR - 8 2009

NEW YORK
COUNTY CLERKS OFFICE

        Defendants, HOUSTON ACQUISITION, LLC ("HOUSTON"), MICHAEL ALBANO

("ALBANO") and THERESA ALBANO ("THERESA"), by their attorneys DONOVAN &

GIANNUZZI, LLP and THEODORE S. STEINGUT, as and for their Verified Answer to

Plaintiff's Verified Complaint, allege as follows:

1.    Each denies knowledge or information sufficient to form a belief as to the truth of the

      allegations contained in the Paragraphs marked "1", "7", "8" and "9" of the Verified

      Complaint.

2.    Each admits the truth of the allegations contained in the Paragraphs marked "2", "3" and

      "4" of the Verified Complaint.

3.    Upon information and belief, each admits the truth of the allegations contained in the

      Paragraphs marked "5" and "6" of the Verified Complaint.

4. Each denies the allegation contained in the Paragraph marked "10" of the Verified Complaint that the Contract (hereinafter defined) was entered into by both HOUSTON and ALBANO, as sellers, and respectfully refers the Court to the Contract for all of its terms and provisions.

5. Each admits the truth of the allegations contained in the Paragraphs marked "11", "12", "13" and "14" of the Verified Complaint.

6. Each denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Paragraphs marked "15", "16", "17", "18", "19", "20", "21", "22", "23" and "24" of the Verified Complaint.

7. Each admits the truth of the allegation contained in the Paragraph marked "25" of the Verified Complaint that Donovan & Giannuzzi, LLP represented ALBANO beginning on or about March 5, 2009.

8. Each denies the allegations contained in the Paragraphs marked "25" and "27" of the Verified Complaint that Donovan & Giannuzzi, LLP had no response to Plaintiff's counsel's inquiry regarding the whereabouts of the downpayment under the Contract. Donovan & Giannuzzi, LLP responded to Plaintiff's counsel by stating that ALBANO was ready, willing and able to close and willing to bear the risk of loss if the downpayment had been wrongfully or illegally paid out by Escrowee (hereinafter defined).

9. Each admits the truth of the allegations contained in the Paragraphs marked "26", "28" and "29" of the Verified Complaint.

10. Each admits the truth of the allegation contained in the Paragraph marked "30" of the Verified Complaint but each alleges that Chicago Title Insurance Company ("Chicago")

merged with Fidelity (hereinafter defined) thus Chicago is not a separate and impartial national title insurance company.

11. Each admits the truth of the allegation contained in the Paragraph marked "31" of the Verified Complaint but each alleges that (i) Plaintiff failed to show proof of the availability of funds in the amount of the balance of the Purchase Price (hereinafter defined) in the form of a check or wire or by any other documentation and (ii) ALBANO, as set forth in more detail below, was ready, willing and able to close and at the Closing (hereinafter defined) representatives of two title companies certified that title to the Premises (hereinafter defined) was insurable.

12. Each admits the truth of the allegation contained in the Paragraph marked "32" of the Verified Complaint that ALBANO and MARC A. BERNSTEIN ("BERNSTEIN") were present at Plaintiff's counsel's office on March 9, 2009, but each denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of said Paragraph.

13. Each denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the Paragraph marked "33" of the Verified Complaint.

14. Upon information and belief, each admits the truth of the allegation contained in the Paragraph marked "34" of the Verified Complaint.

15. Each denies the allegations contained in the Paragraphs marked "35", "37", "38", "39", "41", "42" and "43" of the Verified Complaint.

16. Each repeats and realleges each and every answer to the allegations incorporated by reference in the Paragraphs marked "36" and "40" of the Verified Complaint.

17. Each alleges that the allegations contained in the Paragraphs marked "44" through "58"

    are not directed at Defendants and therefore no responsive pleading is required.

### AND AS FOR THE FIRST AFFIRMATIVE DEFENSE

18. There was no breach of the Contract, repudiation or anticipatory repudiation by

    HOUSTON and/or ALBANO entitling Plaintiff to rescission of the Contract and/or

    return of the downpayment.  In accordance with the terms of the Contract, HOUSTON

    transferred title to the Premises to ALBANO.  ALBANO was ready, willing and able to

    convey title to the Premises to Plaintiff at the Closing.

### AND AS FOR THE SECOND AFFIRMATIVE DEFENSE

19. Plaintiff never tendered performance of its obligations under the Contract.  Therefore

    Plaintiff is in default under the Contract and HOUSTON and/or ALBANO is entitled to

    the downpayment thereunder and assumes the risk of loss thereof.

### AND AS FOR THE THIRD AFFIRMATIVE DEFENSE

20. In the event of a default by HOUSTON and/or ALBANO under the Contract, Plaintiff is

    not entitled to foreclose on the Premises.  Section 13 of the Contract provides as follows:

> "If Seller shall be unable to convey title to the Premises at
> the Closing in accordance with the provisions of this contract or
> if Purchaser shall have any other grounds under this contract for
> refusing to consummate the purchase provided for herein, Purchaser,
> nevertheless, may elect to accept such title as Seller may be able to
> convey with a credit against the monies payable at Closing... but
> without any other credit or liability on the part of Seller.  If Purchaser
> shall not so elect, Purchaser may terminate this contract and sole
> liability of Seller shall be to refund the Downpayment to Purchaser...
> Upon such refund and reimbursement, this contract shall be null
> and void and the parties hereto shall be relieved of all further
> obligations and liability..." (underline added)

Plaintiff's only cause of action against HOUSTON and/or ALBANO, if any, is for termination of the Contract and return of the downpayment.

### AND AS FOR THE FOURTH AFFIRMATIVE DEFENSE

21. The Verified Complaint fails to state a cause of action as against Defendants.

### AND AS FOR A COUNTERCLAIM AGAINST PLAINTIFF

22. On April 19, 2006, ALBANO and THERESA, as owners of the premises commonly known as 331 East Houston Street, New York, New York and 165 Ridge Street, New York, New York (together, the "Premises"), transferred title to the Premises to HOUSTON by deed recorded July 1, 2006 as CRFN 2006000364971.

23. HOUSTON was and is a duly formed New York limited liability company with two (2) members; ALBANO and BERNSTEIN.

24. On August 18, 2008, Plaintiff, as purchaser, entered into a Contract of Sale with HOUSTON, as seller, (the "Contract"), for the purchase of the Premises for a purchase price of $7,500,000.00 (the "Purchase Price").

25. In accordance with the terms of the Contract, Plaintiff delivered funds representing the downpayment under the Contract in the amount of $900,000.00 to HOUSTON's counsel at the time the Contract was executed, Bernstein & Bernstein, LLP, as escrowee ("Escrowee")

26. On August 28, 2008, HOUSTON transferred title to the Premises to ALBANO in accordance with the terms of Section 29 of the Contract by deed recorded November 24, 2008 as CRFN 2008000452884.

27. By letter dated February 23, 2009, Plaintiff's counsel scheduled the closing of the purchase and sale of the Premises for March 9, 2009 at 2:00 p.m., at its offices located at

24 Union Square East, 5th floor, New York, New York (the "Closing"), **TIME BEING OF THE ESSENCE**.

28. ALBANO, together with representatives from the law firm of Donovan & Giannuzzi, LLP, his counsel at the time, attended the Closing, and ALBANO was ready, willing and able to consummate the transaction at such date and at such time.

29. At the Closing, ALBANO tendered the deed to the Premises and delivered all other related transfer documents and other deliverables required under the Contract.

30. At the Closing, Plaintiff failed to tender funds to ALBANO for the balance of the Purchase Price in direct violation of the Contract, and Plaintiff failed to show proof of the availability such funds in the form of a check or wire or by any other documentation. In addition, no representative from a mortgage lender was present on behalf of the Plaintiff.

31. By letter dated March 9, 2009, Plaintiff refused to tender payment on the grounds that (i) "Fidelity National Title Insurance Company ("Fidelity") nor any of the national insurance companies it owns, will issue a title policy" with respect to the Premises, and (ii) Plaintiff is unable to authorize the release of its downpayment because Plaintiff has no assurance that this sum is, or has been, on deposit with Escrowee.

32. Plaintiff had no basis to refuse the tender of the deed with respect to the Premises.

33. At the Closing, ALBANO agreed to deliver a credit to Plaintiff in the amount of the downpayment and bear the risk of loss, if any, with respect to the downpayment.

34. Fidelity, who will receive its fees from Plaintiff, unreasonably refused to insure title at the behest and direction of the Plaintiff. Prior to the Closing, ALBANO complied with each of Fidelity's requests in order to clear any alleged title defects, including obtaining a court order expressly authorizing the transfer of the Property to Plaintiff.

35. Based on communications with Fidelity in which Fidelity communicated its refusal to insure title, ALBANO engaged two (2) additional title companies to provide Plaintiff with title insurance in accordance with the terms of the Contract.

36. The Contract does not specify a particular title insurer, and Section 1.02 of the Contract provides as follows:

> "Seller shall convey and Purchaser shall accept fee simple title
> to the Premises in accordance with the terms of this contract,
> subject only to: (a) the matters set forth in Schedule B
> attached hereto (collectively, "Permitted Exceptions"); and (b) such
> other matters as (i) the title insurer specified in Schedule D
> attached hereto (or if none is specified, then any title
> insurer licensed to do business by the State of New York)
> shall be willing, without special premium, to omit as exceptions
> to coverage or to except with title insurance against
> collection out of or enforcement against the Premises..."
> (underline added)

37. At the Closing, title to the Premises was certified to be insurable, in accordance with the terms and provisions of the Contract, by Zenith Abstract, LLC ("Zenith"), as agent for Stewart Title Insurance Company, and Ram Real Estate Solutions ("Ram"), as agent for Old Republic National Title Insurance Company, both nationally recognized title insurers licensed to do business by the State of New York.

38. Plaintiff's counsel refused to admit representatives on behalf of Zenith and Ram into the Closing, and Plaintiff was not willing to accept title insurance from either Zenith or Ram.

39. At the Closing, Plaintiff's counsel made ALBANO and others vacate its office. Subsequently, ALBANO, Escrowee, and representatives of Zenith and Ram, returned to the office of Donovan & Giannuzzi, LLP where ALBANO tendered the deed to the Premises on the record and delivered all other related transfer documents and other deliverables required under the Contract.

40. Plaintiff defaulted and breached the Contract by its rejection of the deed tendered and its failure to perform its obligations under the Contract, including, without limitation, by virtue of Plaintiff's failure to deliver the balance of the Purchase Price to ALBANO.

41. On March 9, 2009, Donovan & Giannuzzi, LLP sent a letter on behalf of ALBANO to Plaintiff's counsel and Escrowee notifying the Plaintiff and Escrowee that ALBANO was and continues to be ready, willing and able to deliver the deed to the Premises in accordance with the terms of the Contract, and that Plaintiff failed to perform its obligations therein, and therefore, Plaintiff is in default under the Contract.

42. Section 13.04 of the Contract provides as follows:

> "If Purchaser shall default in the performance of its obligations under this contract to purchase the Premises, the sole remedy of Seller shall be to retain the Downpayment as liquidated damages for all loss, damage and expense suffered by Seller, including without limitation the loss of its bargain."

43. ALBANO, as owner of the Premises and assignee of the Contract, is entitled to (i) keep and retain the downpayment as liquidated damages and (ii) cancel the contract, both by virtue of Plaintiff's default.

44. In the alternative, HOUSTON, as seller under the Contract, is entitled to (i) keep and retain the downpayment as liquidated damages for the benefit of ALBANO in accordance with HOUSTON's Membership Agreement and (ii) cancel the Contract, both by virtue of Plaintiff's default.

45. HOUSTON's Membership Agreement, dated April 19, 2006, provides as follows:

> "The title in the [Premises] although vested in HOUSTON ACQUISITION, LLC shall be owned wholly by MICHAEL ALBANO and MARC A. BERNSTEIN shall have no claim on the [Premises] at any time during the pendency of the loan or once it has been repaid." (underline added)

WHEREFORE the Defendants demand judgment against the Plaintiff:

1. Finding that Plaintiff has defaulted under the Contract;

2. Dismissing the Verified Complaint and all allegations asserted therein, with prejudice;

3. Awarding judgment on the counterclaim in favor of Defendants and against Plaintiff, entitling HOUSTON and/or ALBANO to receive the downpayment, in the sum of $900,000.00, together with interest thereon and costs and disbursements of this action;

4. Ordering the Contract terminated and that there are no further rights or obligations between the parties under the Contact;

5. Authorizing HOUSTON and/or ALBANO to receive, and that Escrowee be authorized to release to HOUSTON and/or ALBANO the downpayment, in the sum of $900,000.00, together with any interest earned thereon, as liquidated damages;

6. Directing the Clerk of the County of New York to strike the Notice of Pendency filed by Plaintiff, dated March 20, 2009, removing it from the County Index;

7. Awarding Defendants reasonable attorneys fees and court costs in connection with this action; and

8. For other further and different relief as this Court may deem just and proper.

VERIFICATION

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

    MICHEAL ALBANO, being duly sworn, deposes and says, I am a member of Houston

Acquisition, LLC, a New York limited liability company, a defendant in the foregoing action; that I

have read the foregoing Verified Answer and Counterclaim and that the contents thereof are true to

my own knowledge, except as to the matters therein stated to be alleged on information and belief,

and as to those matters, I believe the same to be true.


                                    _____
                                      MICHEAL ALBANO


Sworn to before me this
_2_ day of April, 2009

_____
Notary Public

                              BRYAN P. MCCROSSEN
                       Notary Public, State of New York
                          No. 02MC6087310
                       Qualified in Nassau County
           Commission Expires February 18, 20 _11_

## VERIFICATION

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF NEW YORK         )

    MICHEAL ALBANO, a defendant in the foregoing action, being duly sworn, deposes and says, I have read the foregoing Verified Answer and Counterclaim and that the contents thereof are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe the same to be true.

_____
MICHEAL ALBANO

Sworn to before me this
_4_ day of April, 2009

_____
Notary Public

BRYAN P. MCCROSSEN
Notary Public, State of New York
No. 02MC6087310
Qualified in Nassau County
Commission Expires February 18, 20 _1/_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

DAVID KING REAL PROPERTIES
TWO, LLC,

                        Plaintiff,

             -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

                     Defendants,

------------------------------------------------------------------X

Index No:     103724/2009

**FILED**

APR - 8 2009

NEW YORK
COUNTY CLERK'S OFFICE

---

## VERIFIED ANSWER

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.*

*Dated: New York, New York*
      *April 7, 2009*
                                      Nicholas T. Donovan, Esq.

---

**Donovan & Giannuzzi, LLP**
Attorneys for Defendants
Houston Acquisition, LLC, and
Michael Albano
261 Madison Avenue, 22nd Floor
New York, New York 10016
(212) 980-1900

**Theodore S. Steingut, Esq.**
Attorney for Defendant
Theresa Albano
150 East 58th Street, 15th Floor
New York, New York 10155
(212) 422-0010

## REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (REV 1/2000)

SUPREME COURT, NEW YORK COUNTY   Index No. 103724/2009   DATES PURCHASED 03/17/09

**DAVID KING REAL PROPERTIES, TWO, LLC,**
Plaintiff,

For Clerk Only

*007365  PJ 119-OK  MAY 18 2009*

011840

IAS Entry Date

**HOUSTON ACQUISITION, LLC,**
**MICHAEL ALBANO,**
**MARC A. BERNSTEIN,**
**BERNSTEIN & BERNSTEIN, LLP,**
**RDLF FINANCIAL SERVICES, LLC,**
**RONI DERSOVITZ,**
**THERESA ALBANO, and**
**TITAN CAPITAL ID, LLC,**
Defendants.

Judge Assigned

RJI Date   *6-8-09*

Date issue joined: April 8, 2009   Bill of Particulars served: [ ] Yes   [X] No

**NATURE OF JUDICIAL INTERVENTION**   (check ONE box only AND enter information)

[ ] Request for preliminary conference        [ ] Notice of Petition (return date _____)
                                                       Relief sought _____

[ ] Note of issue and/or certification of readiness   [ ] Notice of medical or dental malpractice action
                                                       (specify) _____

[X] Notice of Motion (return date 06/8/09)    [ ] Statement of net worth
    Relief sought SUMMARY JUDGMENT

[ ] Order to Show Cause                        [ ] Writ of habeas corpus
    (clerk enter return date __/__/__)
    Relief sought CONTEMPT                     [ ] Other (specify) _____

[ ] Other ex parte application
    (specify) _____

**NATURE OF ACTION OR PROCEEDING**   (check ONE box only)

| MATRIMONIAL | | MALPRACTICE | |
|---|---|---|---|
| [ ] Contested | -CM | [ ] Medical/Podiatric | -MM |
| [ ] Uncontested | -UM | [ ] Dental | -DM |
| | | [ ] Other Professional | -OPM |

| | | COMMERCIAL | |
|---|---|---|---|
| [ ] Contract | -CONT | [ ] Motor Vehicle | -MV |
| [ ] Corporate | -CORP | [ ] Products Liability | -PL |
| [ ] Insurance (where insurer is a party, except arbitration) | -INS | | |
| [ ] UCC (including sales, negotiable instruments) | -UCC | [ ] Environmental | -EN |
| | | [ ] Asbestos | -ASB |
| [ ] Other Commercial | -OC | [ ] Breast Implant | -BI |
| | | [ ] Other Negligence | -OTN |
| | | [ ] Other Tort (including intentional) | -OT |

| REAL PROPERTY | | SPECIAL PROCEEDINGS | |
|---|---|---|---|
| [ ] Tax Certiorari | -TAX | [ ] Article 75 (Arbitration) | -ART75 |
| [ ] Foreclosure | -FOR | [ ] Article 77 (Trusts) | -ART77 |
| [ ] Condemnation | -COND | [ ] Article 78 | -ART78 |

[ ] Landlord/Tenant                    -LT          [ ] Election Law                        -ELEC
[X] Other Real Property                -ORP         [ ] Guardianship (MHL Art. 81)          -GUARD81
RETENTION OF CONTRACT DOWNPAYMENT                   [ ] Other Mental Hygiene                -MHYG
                                                    [ ] Other Special Proceeding            -OSP

OTHER MATTERS
[ ]JUDGMENT ENFORCEMENT_____    -OTH
TORTS

Check "YES" or "NO" for each of the following questions
Is this action/proceeding against a

[ ] YES  [X] NO   Municipality                      [ ] YES  [ ] NO   Public Authority
                  (specify)_____                            (specify) _____

[ ] YES  [X] NO   Does this action/proceeding seek equitable relief?
[ ] YES  [X] NO   Does this action/proceeding seek recovery for personal injury?
[ ] YES  [X] NO   Does this action/proceeding seek recovery for property damage?

Pre-Note Time Frame
(This applies to all cases except matrimonials and tax certiorari cases)

Estimated time period for each to be ready for trial (from filing of RJI to filing of Note of Issue):

  [ X ] Expedited: 0-9 months    [ ] Standard:  9-12 months    [ ] Complex: 13-15 months

Contested Matrimonial Cases Only: (check and give date)

        Has summons been served?                [ ] No    [ ] Yes,  Date _____

        Was a Notice of no necessity filed?      [ ] No    [ ] Yes,  Date _____

ATTORNEY(S) FOR PLAINTIFF:
Self Rep.     Name                    Address                        Phone #
SIMON, EISENBERG & BAUM, LLP, 24 Union Square East, Suite 500, New York, New York
10003
(212) 353-8700

_____
[ ]

ATTORNEY(S) FOR DEFENDANTS HOUSTON ACQUISITION, LLC AND MICHAEL ALBANO:
Self Rep.     Name                    Address                        Phone #
DONOVAN & GIANNUZZI, 261 Madison Avenue, 22nd Floor, New York, New York 10022
(212) 980-1900

_____

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." Box and enter their name,
address, and phone # in the space provided above for attorney.

INSURANCE CARRIERS:
N/A

RELATED CASES: (if none, write "NONE" below)

| TITLE | INDEX # | COURT | NATURE OF RELATIONSHIP |
|---|---|---|---|
| RDLF FINANCIAL SERVICES, LLC and RONI DERSOVITZ v. MARC A. BERNSTEIN, MICHAEL ALBANO and HOUSTON ACQUISITION, LLC | 101391/09 | I.A.S. Part 3 Supreme Court New York County | Plaintiff's Summons and Verified Complaint refers to facts and circumstances arising out of and in connection with this related action. |

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS; NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated:  New York, New York
       May 14, 2009

                         DONOVAN & GIANNUZZI

                         BY: _____
                         Nicholas T. Donovan
                         Attorney for HOUSTON ACQUISITION, LLC
                         AND MICHAEL ALBANO

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
DAVID KING REAL PROPERTIES
TWO, LLC,                                                    Index No. 103724/2009

                                    Plaintiff,              STATEMENT IN SUPPORT
                                                            OF REQUEST FOR
                                                            ASSIGNMENT TO
                    -against-                               COMMERICAL DIVISION

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,
                                    Defendants,
-------------------------------------------------------------X

    THEODORE S. STEINGUT, counsel for THERESA ALBANO, a Defendant in this matter, submits this Statement and the accompanying copy of the pleadings, pursuant to Section 202.70(d)(2) of the Uniform Rules for the Trial Courts (the "Rules"), in support of the request of said party for the assignment of this matter to Justice Eileen Bransten of the Commercial Division of this court.

(1) I have reviewed the standards for assignment of cases to the Commercial Division (the "Division") set forth in Section 202.70 of the Rules. This case meets those standards. I therefore request this case be assigned to the Division, and to Justice Bransten as a related case.

(2) Justice Bransten presided over an action in which Defendants, RDLF FINANCIAL SERVICES, LLC ("RDLF") and RONI DERSOVITZ ("RONI"), moved the State of New York, County of New York, I.A.S. Part 3 (Index Number 101391/09), by Order to Show Cause for a Temporary Restraining Order and a Preliminary Injunction restraining the sale of the premises commonly known as 331 East Houston Street, New York, New York and 165 Ridge Street, New York, New York (together, the "Premises"). In this case, Plaintiff's Summons and Verified Complaint refers to facts and circumstances arising out of and in connection with the aforementioned action brought by RDLF and RONI.

(3) The amount at issue in this case (exclusive of punitive damages, interest, costs, disbursements and counsel fees claimed) are equal to or in excess of the monetary threshold of the Division in this county as set out in Section 202.70(a) of the Rules in

that judgment is sought entitling Defendants, HOUSTON ACQUISITION, LLC ("HOUSTON") and/or MICHAEL ALBANO ("ALBANO"), to receive the downpayment under a Contract of Sale ("Contract") covering the Premises in the amount of $900,000.00.

(4) This case falls within the standards set forth in Section 202.70(b) of the Rules and does not come within the groups of cases set out in Section 202.70(c) of the Rules that will not be heard in the Division. In accordance with Section 202.70(b)(1) and (3) of the Rules, HOUSTON and ALBANO's cause of action seeking, among other things, the aforementioned downpayment, involves (i) a claim of breach of contract by Plaintiff in that Plaintiff was not "ready, willing and able" to purchase the Premises on the time of the essence closing date; and (ii) the Premises is a commercial property and the Contract provided for the sale thereof.

Dated: May 14, 2009

THEODORE S. STEINGUT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_David King Real Properties Two, LLC_

_____
Plaintiff

Index Number

_103724/2009_

AFFIDAVIT OF SERVICE after
COMMENCEMENT of LITIGATION

- against -

_Houston Acquisition, LLC, Michael Albano, Marc A. Berstein,_
_Bernstein + Bernstein, LLP RDLF Financial Services, LLC,_
_Roni Devorovitz, Theresa Albano and Titan Capital ID, LLC_
_____
Defendant

STATE OF NEW YORK, COUNTY OF _New York_ ss:

I, [name of person who served papers] _Ilana Schoenfeld_ , being duly sworn,
depose and say: I am over 18 years of age and am not a party to this case.
I reside at [your address] _284 Central Avenue, Lawrence NY 11559_
On [date of service] _April 8_, 200 _9_, at [time of day] _2_ AM/**PM** I served a true copy of
the following papers: [identify papers served] _verified answer and counterclaim_
_____, in the following manner. [check box that applies]

☑ **Personal**
**Service**

By personally delivering the papers to [identify person served] _Eric Baum, Esq._
at [address] _Simon, Eisenberg + Baum, LLP, 24 Union_
_Square East, Suite 500, New York, NY 10003_

The individual I served had the following characteristics [check one box in each category]:

| Sex | Height | Weight | Age |
|---|---|---|---|
| ☑ Male | ☐ Under 5" | ☐ Under 100 lbs. | ☐ 21 - 34 years |
| ☐ Female | ☐ 5'0"- 5'3" | ☐ 100 -130 lbs. | ☑ 35 - 50 years |
| | ☑ 5'4"- 5'8" | ☐ 131 -160 lbs. | ☐ 51 - 65 years |
| | ☐ 5'9"- 6'0" | ☑ 161 - 200 lbs. | ☐ Over 65 years |
| | ☐ Over 6' | ☐ Over 200 lbs. | |

[describe]: Skin color _white_ Hair color _brown_
Other identifying features, if any [describe]: _____

☐ **Mail**

By mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official
depository of the U.S. Postal Service within the State of New York, addressed to the last-known
address of the addressee(s) indicated below:

☐ **Overnight**
**Delivery**
**Service**

By depositing the same with an overnight delivery service in a wrapper properly addressed. Said
delivery was made prior to the latest time designated by the overnight delivery service for overnight
delivery. The delivery service used was [name of delivery service] _____

_[Name(s) and address(es) of person(s) served by mail/overnight delivery]_

_____

_____

_____

Sworn to before me this
_15_ day of _May_, 200_9_

_____
Notary Public

RICHARD B. MINOR
Notary Public, State of New York
Reg. No. 04MI6147382
Qualified in New York County
Commission Expires June 15, 20__

_____
[sign name before a Notary]
_Ilana Schoenfeld_
[print your name]

4-06

and/or ALBANO to receive the downpayment, in the sum of $900,000.00, together with interest earned, and together with the costs and disbursements of this action;

iii)  Terminating the Contract and ordering that there are no further rights or obligations between the parties under the Contract, following the return of the downpayment;

iv)  Authorizing HOUSTON and/or ALBANO to receive, and that Bernstein & Bernstein, LLP, as escrowee, ("Escrowee") be authorized and directed to release to HOUSTON and/or ALBANO, the downpayment in the amount of $900,000.00, or such amount as may be currently held by Escrowee, together with any interest earned thereon;

v)  Directing the Clerk of the County of New York to vacate the Notice of Pendency affecting the Premises filed on March 20, 2009 as Index Number 103724/2009 and remove said Notice of Pendency from the County Index;

vi)  Awarding Defendants reasonable attorney fees and Court costs incurred in connection with this action; and

vii)  Granting to Defendants such other, further, and different relief as this Court may deem just and proper.

4.  On February 3, 2009, Defendants, RDLF FINANCIAL SERVICES, LLC ("RDLF") and RONI DERSOVITZ ("RONI"), through their counsel, moved the Supreme Court of the State of New York, County of New York, I.A.S. Part 3, (the "Court") by Order to Show Cause for a Temporary Restraining Order ("TRO") and a Preliminary Injunction ("Injunction") restraining the sale of the Premises. That case bore Index Number 101391/09

5.  On February 10, 2009, RDLF and RONI, through their counsel, filed a Notice of Pendency against HOUSTON, ALBANO and MARC A. BERNSTEIN ("BERNSTEIN") affecting the Premises.

6.  Defendants filed a motion to lift the TRO and deny the Injunction.

7. After several briefs and hearings, on March 3, 2009, Justice Eileen Bransten, who was specifically made aware of the time of the essence closing relating to ALBANO's sale of the Premises, <u>see Albano Affidavit at ¶ 6 and McCrossen Affidavit at ¶ 13</u>, granted ALBANO and HOUSTON's request to vacate the TRO and deny the Injunction.

8. Furthermore, the Court vacated the Notice of Pendency affecting the Premises.

9. At the request of Fidelity National Title Insurance Company, <u>see McCrossen Affidavit at ¶ 24</u>, the Court's order expressly stated:

> ORDERED that the sale of the [Premises] to David King Real Properties II, LLC shall be entitled to go forward <u>without any restraint thereon from this court</u>. (emphasis added)

10. Thus it is clear that ALBANO and/or HOUSTON duly complied with Fidelity's request to clear the aforesaid title defect and the Premises were able to be sold in accordance with the terms of the Contract.

WHEREFORE, it is respectfully requested that Defendants' motion be granted in its entirety, together with such other, further and different relief which this court deems just and proper.

THEODORE S. STEINGUT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

DAVID KING REAL PROPERTIES
TWO, LLC,

                                        Plaintiff,

                        -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

                                        Defendants,
-------------------------------------------------------------X

Index No. 103724/2009

AFFIDAVIT OF
MICHAEL ALBANO
IN SUPPORT OF
MOTION FOR
SUMMARY JUDGMENT

STATE OF NEW YORK      )
                                      ss.:
COUNTY OF NEW YORK  )

MICHAEL ALBANO being duly sworn, deposes and says:

1. I am owner of the premises commonly known as 331 East Houston Street, New York,
   New York and 165 Ridge Street, New York, New York (together, the "Premises"), and a
   member of HOUSTON ACQUISITION, LLC, ("HOUSTON')  in the above captioned
   action.

2. I am fully familiar with the facts set forth herein.

3. On April 19, 2006, THERESA ALBANO and I, as owners of the Premises, transferred
   title to the Premises to HOUSTON.

4.  On August 18, 2008, Plaintiff, as purchaser, entered into a Contract of Sale with HOUSTON, as seller, (the "Contract"), for the purchase of the Premises for a purchase price of $7,500,000.00 (the "Purchase Price").

5.  On August 28, 2008, HOUSTON transferred title to the Premises and assigned the Contract to me, individually, in accordance with the terms of Section 29 of the Contract.

6.  By letter dated February 23, 2009, Plaintiff's counsel scheduled the closing of the purchase and sale of the Premises for March 9, 2009 at 2:00 p.m., at its offices located at 24 Union Square East, 5th floor, New York, New York (the "Closing"), **TIME BEING OF THE ESSENCE.**

7.  Prior to Closing, I complied with each of Plaintiff's requests in order to clear any alleged title defects, including obtaining a court order expressly authorizing the transfer of the Premises to Plaintiff.  Said court order, prior to the same being issued, was reviewed by Fidelity.  After such time as Fidelity's comments thereto were made, said court order was approved by Fidelity as acceptable for the clearance of that certain title defect alleged by Fidelity and Plaintiff.

8.  Nevertheless, Plaintiff's title insurer, Fidelity National Title Insurance Company, ("Fidelity") communicated its refusal to insure title to the Premises.

9.  Based on such communications with Fidelity and in accordance with the terms of the Contract, I reserved two (2) additional title companies to be engaged to provide Plaintiff with title insurance at Closing.

10. On March 9, 2009, I attended the Closing together with representatives from the law firm of Donovan & Giannuzzi, LLP.

11. At the Closing, I was ready, willing and able to consummate the transaction. I tendered the deed to the Premises and delivered all other related transfer documents and other deliverables required under the Contract.

12. In addition, I agreed to deliver a credit to Plaintiff in the amount of the downpayment and bear the risk of loss, if any, with respect to the illegal or wrongful disbursement of the downpayment by Bernstein & Bernstein, LLP, as escrowee ("Escrowee").

13. Title to the Premises was certified to be insurable by Zenith Abstract, LLC ("Zenith"), as agent for Stewart Title Insurance Company ("Stewart"), and Ram Real Estate Solutions ("Ram"), as agent for Old Republic National Title Insurance Company ("Old Republic"), both Stewart and Old Republic are nationally recognized title insurers licensed to conduct business in the State of New York.

14. Plaintiff's counsel refused to admit representatives on behalf of Zenith and Ram into the closing room, and Plaintiff was not willing to accept title insurance from either Zenith, which insurance was underwritten by Stewart, or Ram, which insurance was underwritten by Old Republic.

15. At the Closing, Plaintiff failed to tender funds for the balance of the Purchase Price. Furthermore, Plaintiff failed to show any proof of the availability of such funds.

16. At the Closing, Plaintiff's counsel required myself and all others to vacate its office. Subsequently, Escrowee, representatives of Zenith and Ram and I, returned to the office of Donovan & Giannuzzi, LLP where I tendered the deed to the Premises on the record

and delivered all other related transfer documents and other deliverables required under the Contract.

17. At no time was there any extension granted beyond the Closing.

18. The Contract specifically states that Seller is entitled to retain the downpayment, and any interest earned thereon, as liquidated damages for Plaintiff's default under the Contract. See Affidavit of Bryan P. McCrossen.

19. Plaintiff's failure to tender the balance of the Purchase Price at Closing is a default under the Contract, therefore, Plaintiff is not entitled to the downpayment.

WHEREFORE, this Court should grant Defendants' motion in its entirety, together with such

other and further relief which this Court deems just and proper.


MICHAEL ALBANO

Sworn to before me this
14th day of May, 2009

Notary Public

BRYAN P. MCCROSSEN
Notary Public, State of New York
No. 02MC6087310
Qualified in Nassau County
Commission Expires February 18, 20 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

DAVID KING REAL PROPERTIES
TWO, LLC,

                            Plaintiff,

                                     INDEX NO:   103724/2009

        -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,
                          Defendants,
-------------------------------------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Counsel*:

       Nicholas T. Donovan, Esq.

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law along with Defendants' motion for Summary Judgment.

## STATEMENT OF FACTS

The facts supporting this motion are set forth in the accompanying Affidavits of Bryan P. McCrossen ("McCrossen Affidavit") and Michael Albano ("Albano Affidavit"), and will not be repeated herein except for the purposes of amplification.

## ARGUMENT

Summary judgment is a remedy designed to further the goal of judicial economy by disposing of cases before trial. When a court is confronted with a motion for summary judgment, it must determine if there are any genuine issues of material fact. There will always be issues of fact raised in a dispute, but this Court must determine whether there are any *material* issues in dispute. If there are issues, and they are not "genuine but feigned and there is, in truth, nothing to be tried, summary judgment is properly granted." Hirsch v. Berger Import & Mfg. Corp., 67 A.D.2d 30, 34, 414 N.Y.S.2d 324, 327 (1st Dep't 1979). See also DeFren v. Russell, Jr., 71 A.D.2d 416, 422 N.Y.S.2d 433 (1st Dep't 1979); South Assoc. v. United Brands, 67 A.D.2nd 199, 414 N.Y.S.2d 560 (1st Dep't 1979); DiSabato v. Soffes, 9 A.D.2d 297, 300, 193 N.Y.S.2d 184, 189 (1st Dep't 1959) ("if the issue claimed to exist is not genuine, but feigned and there is in truth nothing to be tried, summary judgment is properly granted").

Only a "genuine issue" will defeat summary judgment. Gala Trading, Inc. v. Adrienne, Inc., 174 A.D.2d 478, 571 N.Y.S.2d 255 (1st Dep't 1991). "A shadowy semblance of an issue will not suffice". Id., citing Ben Strass Indus. v. City of New York, 90 A.D.2d 751). (See also

DiSabato, supra.) Moreover, once the movant has filed a motion for summary judgment, it is the non-movant's burden to present proof showing that a genuine issue of fact exists. Federal Insurance v. Hyer, 66 A.D.2d 521, 413 N.Y.S.2d 939 (2nd Dep't 1979).

As set forth in the accompanying affidavits, in the case at bar, there is simply no genuine issue of material fact for Plaintiff to allege. The original closing date as set forth in the Rider to the Contract of Sale ("Contract") was to be no later than November 30, 2008. Subsequently, by letter dated February 23, 2009, Plaintiff explicitly set forth a "time of the essence" closing date. Plaintiff was not "ready, willing and able" to close on such date. Therefore, Plaintiff was and is in breach under the Contract. The Contract entitles HOUSTON ACQUISITION, LLC ("HOUSTON") and/or MICHAEL ALBANO ("ALBANO") to retain the downpayment, together with all interest accrued thereon, as liquidated damages in the event that Plaintiff defaults thereunder.

### PLAINTIFF'S FAILURE TO PERFORM ON THE "TIME OF THE ESSENCE" CLOSING DATE RENDERS PLAINTIFF IN DEFAULT UNDER THE CONTRACT AND ENTITLES DEFENDANTS TO RETAIN THE DOWNPAYMENT

When a contract for the sale of real property does not state that "time is of the essence", either party is entitled to a reasonable adjournment of the closing date. Once the closing date set forth in the contract has passed, either party can then declare a "time of the essence" closing date by giving clear, distinct and unequivocal notice which fixes a reasonable time within which the parties to the contract must perform. Baltic v. Rossi 289 A.D.2d 430, 735 N.Y.S.2d 148 (2nd Dep't 2001); Stefanelli v. Vitale 223 A.D.2d 361, 636 N.Y.S.2d 50 (1st Dep't 1996). Such notice may be effectuated by a letter from one of the party's attorneys. Id. Once "time is of the essence" it is of the essence for both parties. Dub v. 47 E. 74th St. Corp. 204 A.D.2d 145, 611

N.Y.S.2d 198 (1st Dep't 1994) ("Seller, who created law day by sending plaintiff buyer a "time

of the essence" letter was required to tender performance of his obligations on law day…")

In Grace v. Nappa, the Court of Appeals set forth the rule which applies to a party's

failure to perform under a contract in which there is "time of the essence" closing date:

> When there is a declaration that time is of the essence . . . each party must tender
> performance on law day unless the time for performance is extended by mutual
> agreement 46 N.Y.2d 560, 565, 415 N.Y.S.2d 793, 796 (1979).

Indeed, it is well-settled that each party must perform on the law day or be in default of

the contract. Kaplan v. Scheiner, 1 A.D.2d 329, 149 N.Y.S.2d 868 (1st Dep't 1956) (where

parties expressly agree to "time of the essence" date in contract, failure to perform on the

specified date constitutes a default).

As set forth in the accompanying affidavit, ALBANO tendered full and complete

performance under the Contract on the "time of the essence" closing date.  See McCrossen

Affidavit at ¶¶ 19, 23, 24 and 26 and Albano Affidavit ¶¶ 11, 12 and 13.  Plaintiff failed to tender

funds to ALBANO for the balance of the Purchase Price (as defined in McCrossen Affidavit and

Albano Affidavit) in direct violation of the Contract, and Plaintiff failed to show proof of the

availability such funds.  See McCrossen Affidavit ¶ 18.  Furthermore, there were no extensions

of the "time of the essence" closing date.

A party's failure to appear and close title in a real property transaction on a "time of the

essence" date, renders that party in default under the contract and entitles the other party to

liquidated damages. Graubard Mollen Dannet Horowitz Shapiro and Pomeranz v. Madison

Investments, Inc., 173 A.D.2d 386, 570 N.Y.S.2d 16 (1st Dep't 1991); Bellamy v. Estate of

Efros, 209 A.D.2d 182, 618 N.Y.S.2d 274 (1st Dep't 1994); Barton v. Lerman, 233 A.D.2d 555,

649 N.Y.S.2d 107 (3rd Dep't 1996).

Accordingly, Plaintiff is in default under the Contract insofar as Plaintiff has failed to

perform on the "time of the essence" date as declared by Plaintiff's letter dated February 23,

2009.  Moreover, Section 13 of the Contract provides:

> If Purchaser shall default in the performance of its obligation under this contract to
> purchase the Premises, the sole remedy of Seller shall be to retain the Downpayment as
> liquidated damages for all loss, damage and expense suffered by Seller, including without
> limitation the loss of its bargain. (underline added)

Therefore, it is respectfully submitted that, HOUSTON, as seller under the Contract,

and/or ALBANO, as successor owner of the Premises and assignee of the Contract, is entitled to

keep and retain the downpayment under the Contract, as liquidated damages.

<u>CONCLUSION</u>

For the reasons set forth herein and in the accompanying affidavit, Defendants

respectfully request that Defendants' motion for Summary Judgment be granted in its entirety.


Dated: New York, New York
       May 14, 2009

                                        DONOVAN & GIANNUZZI, LLP


                                 By: _____
                                        Nicholas T. Donovan, Esq.
                                        Attorneys for Houston and
                                        Michael Albano
                                        261 Madison Avenue, 22nd Floor
                                        New York, New York 10016
                                        212-980-1900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
DAVID KING REAL PROPERTIES
TWO, LLC,

                      Plaintiff,

          -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,
                      Defendants,
------------------------------------------------------------------X

Index No. 103724/2009

NOTICE
OF REJECTION

     PLEASE TAKE NOTICE that pursuant to CPLR 2101 (f), 2214 and 2215 defendant Theresa Albano hereby rejects as untimely served plaintiffs' opposition to defendants' motion for summary judgment and plaintiffs' cross motion for partial summary judgment. Said papers were untimely served on or after 5pm on June 19, 2009 and not timely filed electronically until after the return date on defendants' motion for summary judgment. Plaintiffs had already defaulted in responding to said motion and were in further default of the Room 130 adjournment thereof which, pursuant to CPLR 2214 (b) mandated that opposition papers be served by June 15, 2009. Furthermore, Plaintiff's opposition papers and cross motion were untimely served under CPLR 2215.

Dated: New York, New York

  June 23, 2009

                        THE LAW OFFICES OF THEODORE S. STEINGUT,
                        Attorney for Theresa Albano

                        150 East 58th Street

                        15TH Floor

                        New York, New York 10155

                        By: S/_____

                          Theodore S. Steingut, Esq

To:

(By electronic filing and Fax)

SIMON, EISENBERG & BAUM, LLP

Attorneys for Plaintiff

24 Union Square East 5th Floor

New York, New York 10003

(212) 353-8700


DONOVAN & GIANNUZZI, LLP

Attorneys for Houston Acquisition, LLC

   and Michael Albano

261 Madison Avenue 22nd Floor

New York, New York  10016

(212) 980-1900


Reisman Peirez & Reisman, LLP

Attorneys for Defendant RDLF

1305 Franklin Avenue

Garden City New York, 11530

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

DAVID KING REAL PROPERTIES
TWO, LLC,

                               Plaintiff,

              -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

                            Defendants,
------------------------------------------------------------------X

Index No. 103724/2009

NOTICE
OF REJECTION

PLEASE TAKE NOTICE that pursuant to CPLR 2101 (f), 2214 and 2215 Defendants Houston Acquisition, LLC and Michael Albano hereby reject as untimely served Plaintiff's opposition to Defendants' motion for summary judgment and Plaintiff's cross motion for partial summary judgment. Said papers were untimely served on or after 5pm on June 19, 2009 and not timely filed electronically until after the return date on Defendants' motion for summary judgment. Plaintiff has already defaulted in responding to said motion and was in further default of the Room 130 adjournment thereof which, pursuant to CPLR 2214 (b) mandated that opposition papers be served by June 15, 2009. Furthermore, Plaintiff's opposition papers and cross motion were untimely served under CPLR 2215.

Dated: New York, New York

June 23, 2009

                              DONOVAN & GIANNUZZI, LLP


                        By:    _S/_____
                               Nicholas T. Donovan, Esq.
                               Attorneys for Houston Acquisition, LLC and
                               Michael Albano
                               261 Madison Avenue, 22nd Floor
                               New York, New York 10016
                               212-980-1900

To:

(By electronic filing and Fax)

SIMON, EISENBERG & BAUM, LLP
Attorneys for Plaintiff
24 Union Square East 5th Floor
New York, New York 10003
(212) 353-8700


THE LAW OFFICES OF THEODORE S. STEINGUT
Attorney for Theresa Albano
150 East 58th Street
15TH Floor
New York, New York 10155


REISMAN PEIREZ & REISMAN, LLP
Attorneys for Defendant RDLF
1305 Franklin Avenue
Garden City New York, 11530

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
DAVID KING REAL PROPERTIES
TWO, LLC,

                                  Plaintiff,

                   -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

                           Defendants,
------------------------------------------------------------------X

Index No. 103724/2009

STATEMENT IN SUPPORT
OF REQUEST FOR
ASSIGNMENT TO
COMMERICAL DIVISION

      THEODORE S. STEINGUT, counsel for THERESA ALBANO, a Defendant in this matter, submits this Statement and the accompanying copy of the pleadings, pursuant to Section 202.70(d)(2) of the Uniform Rules for the Trial Courts (the "Rules"), in support of the request of said party for the assignment of this matter to Justice Eileen Bransten of the Commercial Division of this court.

     (1) I have reviewed the standards for assignment of cases to the Commercial Division (the "Division") set forth in Section 202.70 of the Rules. This case meets those standards. I therefore request this case be assigned to the Division, and to Justice Bransten as a related case.

     (2) Justice Bransten presided over an action in which Defendants, RDLF FINANCIAL SERVICES, LLC ("RDLF") and RONI DERSOVITZ ("RONI"), moved the State of New York, County of New York, I.A.S. Part 3 (Index Number 101391/09), by Order to Show Cause for a Temporary Restraining Order and a Preliminary Injunction restraining the sale of the premises commonly known as 331 East Houston Street, New York, New York and 165 Ridge Street, New York, New York (together, the "Premises"). In this case, Plaintiff's Summons and Verified Complaint refers to facts and circumstances arising out of and in connection with the aforementioned action brought by RDLF and RONI.

     (3) The amount at issue in this case (exclusive of punitive damages, interest, costs, disbursements and counsel fees claimed) are equal to or in excess of the monetary threshold of the Division in this county as set out in Section 202.70(a) of the Rules in

that judgment is sought entitling Defendants, HOUSTON ACQUISITION, LLC ("HOUSTON") and/or MICHAEL ALBANO ("ALBANO"), to receive the downpayment under a Contract of Sale ("Contract") covering the Premises in the amount of $900,000.00.

(4) This case falls within the standards set forth in Section 202.70(b) of the Rules and does not come within the groups of cases set out in Section 202.70(c) of the Rules that will not be heard in the Division.  In accordance with Section 202.70(b)(1) and (3) of the Rules, HOUSTON and ALBANO's cause of action seeking, among other things, the aforementioned downpayment, involves (i) a claim of breach of contract by Plaintiff in that Plaintiff was not "ready, willing and able" to purchase the Premises on the time of the essence closing date; and (ii) the Premises is a commercial property and the Contract provided for the sale thereof.

Dated: May 1_4_, 2009

THEODORE S. STEINGUT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

DAVID KING REAL PROPERTIES TWO LLC,   )
   )
                Plaintiff,   )     Index No. 103724/2009
   )
     -v.-      )     **AFFIRMATION OF ERIC**
   )     **BAUM IN SUPPORT OF**
HOUSTON ACQUISITION, LLC,   )     **PLAINTIFF'S MOTION FOR**
MICHAEL ALBANO,   )     **RECUSAL**
MARC BERNSTEIN,   )
BERNSTEIN & BERNSTEIN, LLP,   )
RDLF FINANCIAL SERVICES LLC,   )
RONI DERSOVTIZ,   )
THERESA ALBANO and   )
TITAN CAPITAL ID, LLC,   )
   )
              Defendants.   )

---------------------------------------------------------------X

      **ERIC BAUM**, an attorney duly admitted to practice before the Courts of the State of

New York, affirms the following to be true under penalties of perjury:

      1.     I am a member in good standing of the Bar of the State of New York and am a

partner of the firm of Simon Eisenberg & Baum, LLC, attorneys of record for Defendant David

King Real Properties Two LLC (hereafter "David King") in the above matter.

      2.     This Affirmation is submitted in support of David King's Motion for Recusal.

      3.     Attached hereto as Exhibit "A" is a letter I wrote to the Court on September 14,

2009, requesting recusal. The Court directed that a motion be filed in lieu of informal

disposition. This motion is the result of that instruction.

      4.     As the letter indicates, cross motions for summary judgment were argued and

marked submitted on September 10th. We incorporate those papers herein by reference. At oral

argument, we learned for the first time that the Court had a prior relationship with Theodore S.

Steingut, the attorney who represents Defendant Theresa Albano in this matter and who argued the motion on her behalf.  The extent of the relationship has not been explored.

5.      Our basis for requesting recusal is not simply the existence of a prior relationship but also our concern that Mr. Steingut made a request in May of this year to remove this action to the Commercial Division and specifically requested that it be assigned to Justice Bransten.  A copy of Mr. Steingut's formal written request for this action is included with Exhibit A and was attached to my September 14th correspondence as indicated.  We believe it was improper for Mr. Steingut to have failed to disclose his relationship with Justice Bransten as part of his request.  Had he done so, we would have opposed the request.  Had the request been granted, we would have immediately sought recusal.   Moreover, we are not aware of any information indicating that Mr. Steingut disclosed the relationship when he proceeded to litigate the matter he refers to in his request for removal as "Index Number 101391/09."  Finally, we see no indication of any justification in the request for reassignment which is a compelling enough factual basis to specifically request the assignment of Justice Bransten when this relationship clearly created at least a potential appearance of conflict.

6.      Since the relationship between Mr. Steingut and the Court is apparently not one of consanguinity, and since the Court has no apparent direct interest in this proceeding, the matter of its recusal is left to the Court's discretion.  *See, e.g., R & R. Capital LLC v. Merritt*, 56 A.D. 3d 370 (1st Dept. 2008).  Case law makes clear that the Court must consider two factors in determining whether to exercise this discretion, namely whether upon reflection it believes it can remain fair and impartial and whether, assuming it does believe so, the appearance of impropriety would be created.  As the court stated in *People v. T & C. Design Inc.*, 178 Misc. 2d 971 (N.Y. Just. Ct. 1998): "Judges must be sensitive to these duplicitous, insidious appearances

2

that impact on the litigants and their lawyers.  Judges often decide the merits of a motion for

recusal alone without giving due consideration to how the making of the motion will affect them

in its aftermath."

7.      We believe it is clear that since we only learned about the connection between the

Court and Mr. Steingut because the Court itself felt compelled to disclose it at oral argument, and

because Mr. Steingut never told us about the connection at all, the appearance of impropriety in

the Court having received the case at the affirmative instigation of Mr. Steingut cannot but create

the appearance of impropriety.  Should the defendants prevail, a cloud would hover over that

result, the cloud of possible favoritism and undue influence.  It is perhaps for the very reason that

such an impression would be inaccurate that this Court has no alternative but to have the matter

resolved by another justice.

       Dated: New York, NY
            September 30, 2009

_____

ERIC BAUM, ESQ.

Index No. 103724            Year:  2009

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

DAVID KING REAL PROPERTIES TWO LLC.,
Plaintiff,

vs.

HOUSTON ACQUISITION, LLC, et al.,
Defendants.

## AFFIRMATION IN SUPPORT OF MOTION FOR RECUSAL

**SIMON EISENBERG & BAUM LLP**

**Attorneys for DAVID KING REAL PROPERTIES TWO LLC.**

**24 Union Square East**
**Fifth Floor**
**New York, NY  10003**
**Tel:  (212) 353-8700**
**Fax:  (212) 353-1708**

*Pursuant to 22 NYCRR 130-1.1(a), the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefore and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41(a).*

Dated: __10/11/07__                     Signature: _____

                                        Eric Baum, Esq.

**EXHIBIT A**

## SIMON, EISENBERG ⓖ BAUM

September 14, 2009

<u>**VIA HAND DELIVERY AND E-FILING**</u>

The Honorable Eileen Bransten, Justice
Supreme Court of the State of New York
County of New York
60 Centre Street
New York, NY 10007

Re:   *David King Real Properties Two, LLC v. Houston Acquisition, LLC et al.*
New York County Index No. 103724/2009

Dear Justice Bransten,

This firm represents plaintiff David King Real Properties Two, LLC, in the above matter. Cross motions for summary judgment were argued and marked submitted on September 10th.

During oral argument of the parties' motions, plaintiff counsel learned for the first time that the Court had a long-standing relationship with defense counsel Theodore S. Steingut, who represents Defendant Theresa Albano, although the nature of it was not explored. The Court apparently believed that this relationship was significant enough that it felt compelled to disclose it. A question therefore has arisen as to whether this Court should recuse itself on the disposition of the motion. Upon due consideration, I write to request that the Court either *sua sponte* recuse itself or alternatively direct the filing of a motion seeking recusal.

As indicated on the attached Statement of Mr. Steingut dated May 14, 2009, Mr. Steingut applied for a transfer of this matter from the general civil division where it had been filed to the Commercial Division where he requested that Your Honor be assigned to the case. Yet, nowhere in Mr. Steingut's Statement did he mention the longstanding personal relationship between himself and Your Honor, and we learned of it only, to our surprise, in the midst of the September 10th oral argument after it was disclosed by the Court. Had we known about the connection between Mr. Steingut and the Court at the time Mr. Steingut's request was made, we would have opposed the transfer to the Commercial Division. To avoid an appearance of impropriety, Mr. Steingut should have disclosed the relationship prior to the transfer.

SIMON, EISENBERG & BAUM, LLP
REAL ESTATE·LITIGATION·CORPORATE·ESTATE PLANNING·ENTERTAINMENT LAW
24 UNION SQUARE EAST FIFTH FLOOR NEW YORK NY 10003
PH 212 353 8700 FAX 212 353 1708
simonandeisenberg.com

SIMON, EISENBERG & BAUM

The Honorable Eileen Bransten, Justice
Supreme Court of the State of New York
County of New York
September 14, 2009
Page 2

In cases where there is no consanguinity or interest as described by Judiciary Law §14, the question of recusal is discretionary with the court. *See, e.g., R & R Capital LLC v. Merritt,* 56 A.D.3d 370 (1ˢᵗ Dept. 2008). In such cases, the Court must consider two factors, namely whether it believes it can be fair and impartial, and whether, regardless of the first factor, an appearance of impropriety would be created if the Court were to rule. *See, e.g., People v. T & C Design, Inc.* 178 Misc.2d 971 (N.Y. Just. Ct., 1998)("Lawyers too are often very reluctant to make recusal motions for fear that by doing so their clients or their clients' interests might be jeopardized. Judges must be sensitive to these duplicitous, insidious appearances that impact on the litigants and their lawyers. Judges often decide the merits of the motion for recusal alone without giving due consideration to how the making of the motion will affect them in its aftermath.")

The Court obviously found it necessary to remark upon its connection with defense counsel. Yet, defense counsel saw no such need to disclose the connection in his request to have this matter assigned to the Commercial Division. Accordingly, we believe that the appearance of impropriety would inevitably be created were this Court to determine the merits of the parties' motions, creating needless grounds for dispute on appeal. Therefore, we respectfully request that the Court recuse.

Respectfully submitted,

Eric Baum

EB/ad
enc. (Statement in Support of Request for Assignment to Commercial Division)
cc: Theodore S. Steingut, attorney for Defendant Theresa Albano (with attachment)
    Nicholas T. Donovan, attorney for Defendants Houston Acquisition LLC and
        Defendant Michael Albano (with attachment)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
DAVID KING REAL PROPERTIES
TWO, LLC,

                     Plaintiff,

          -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

                     Defendants,
-------------------------------------------------------------X

Index No. 103724/2009

STATEMENT IN SUPPORT
OF REQUEST FOR
ASSIGNMENT TO
COMMERICAL DIVISION

     THEODORE S. STEINGUT, counsel for THERESA ALBANO, a Defendant in this matter, submits this Statement and the accompanying copy of the pleadings, pursuant to Section 202.70(d)(2) of the Uniform Rules for the Trial Courts (the "Rules"), in support of the request of said party for the assignment of this matter to Justice Eileen Bransten of the Commercial Division of this court.

    (1) I have reviewed the standards for assignment of cases to the Commercial Division (the "Division") set forth in Section 202.70 of the Rules. This case meets those standards. I therefore request this case be assigned to the Division, and to Justice Bransten as a related case.

    (2) Justice Bransten presided over an action in which Defendants, RDLF FINANCIAL SERVICES, LLC ("RDLF") and RONI DERSOVITZ ("RONI"), moved the State of New York, County of New York, I.A.S. Part 3 (Index Number 101391/09), by Order to Show Cause for a Temporary Restraining Order and a Preliminary Injunction restraining the sale of the premises commonly known as 331 East Houston Street, New York, New York and 165 Ridge Street, New York, New York (together, the "Premises"). In this case, Plaintiff's Summons and Verified Complaint refers to facts and circumstances arising out of and in connection with the aforementioned action brought by RDLF and RONI.

    (3) The amount at issue in this case (exclusive of punitive damages, interest, costs, disbursements and counsel fees claimed) are equal to or in excess of the monetary threshold of the Division in this county as set out in Section 202.70(a) of the Rules in

that judgment is sought entitling Defendants, HOUSTON ACQUISITION, LLC ("HOUSTON") and/or MICHAEL ALBANO ("ALBANO"), to receive the downpayment under a Contract of Sale ("Contract") covering the Premises in the amount of $900,000.00.

(4) This case falls within the standards set forth in Section 202.70(b) of the Rules and does not come within the groups of cases set out in Section 202.70(c) of the Rules that will not be heard in the Division. In accordance with Section 202.70(b)(1) and (3) of the Rules, HOUSTON and ALBANO's cause of action seeking, among other things, the aforementioned downpayment, involves (i) a claim of breach of contract by Plaintiff in that Plaintiff was not "ready, willing and able" to purchase the Premises on the time of the essence closing date; and (ii) the Premises is a commercial property and the Contract provided for the sale thereof.

Dated: May 19, 2009

THEODORE S. STEINGUT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

DAVID KING REAL PROPERTIES TWO LLC,          )
                                              )
                          Plaintiff,          )          Index No. 103724/2009
                                              )
          -v-                                 )          **AMENDED NOTICE OF**
                                              )          **MOTION FOR RECUSAL**
HOUSTON ACQUISITION, LLC,                     )
MICHAEL ALBANO,                               )
MARC BERNSTEIN,                               )
BERNSTEIN & BERNSTEIN, LLP,                   )
RDLF FINANCIAL SERVICES LLC,                  )
RONI DERSOVTIZ,                               )
THERESA ALBANO and                            )
TITAN CAPITAL ID, LLC,                        )
                                              )
                          Defendants.         )
                                              )
------------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that upon the annexed Affirmation of Eric Baum, Esq.,

dated September 30, 2009, and all prior pleadings and proceedings heretofore had herein,

Plaintiff DAVID KING REAL PROPERTIES TWO LLC will move this Court on the **20th**

**day of October, 2009,** at 9:30 a.m. at the I.A.S. Motion Submissions Part, in Room 130 of

the courthouse located at 60 Centre Street, New York, NY, 10007, or as soon thereafter as

counsel may be heard, for an Order of judicial recusal pursuant to law and granting

Plaintiff such other and further relief as to the Court shall seem just and proper.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR §2214(b) this

Motion is served by hand delivery at least sixteen days prior to the time at which it to be

heard, so that answering affidavits, if any, shall be served at least seven days before such

time.

Dated:  New York, NY
          September 30, 2009

                               Yours, etc.

                               SIMON EISENBERG & BAUM LLP

                        By: _____
                              Eric Baum, Esq.
                              Attorneys for Plaintiff David King
                               Real Properties Two LLC
                              24 Union Square East
                              Fifth Floor
                              New York, NY   10003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------- x

| | | |
|---|---|---|
| DAVID KING REAL PROPERTIES TWO, LLC, | : | Index No. 101391/09 |
| Plaintiff, | : | Justice Bransten |
| -against- | : | Part 3 |
| | : | **AFFIRMATION OF** |
| | | **THEODORE STEINGUT IN** |
| HOUSTON ACQUISITION, LLC, *et al* | : | **OPPOSITION TO MOTION** |
| , Defendants. | : | **FOR RECUSAL** |

------------------------------------------------------------------- x

THEODORE S. STEINGUT, an attorney at law, affirms the following:

1.      I am the attorney for Defendant Theresa Albano ("Theresa") in the within action. I am fully familiar with the facts set forth herein.

2.      I make this affirmation on behalf of Houston Acquisition, Llc ("Houston"), Michael Albano ("Albano") and Theresa's (collectively hereinafter referred to as the "Albano Defendants") opposition to Plaintiff's motion to recuse Justice Bransten.

3.      As set forth in the accompanying brief, it is black letter and well-established law that the instant motion is left to the sound discretion of the Court which must satisfy herself that she can act with impartiality.  Justice Bransten has already stated that she can and will do so on the record on September 10, 2009 (Transcript at 35) when the parties argued the motions for summary judgment.

4.      It is quite obvious that Plaintiff and its counsel are engaging in gamesmanship of the worst order solely to impede the orderly disposition of this case which has already improperly clouded title to the Albano Defendants' property for over six (6) months.  It is nothing short of a desperate effort to delay the day of reckoning as oral argument made abundantly clear that Defendants' motion for summary judgment should be granted.

5.      Plaintiff counsel annexed to the motion his correspondence to the Court raising the recusal issue but failed to attach my response to said letter, a copy of which is annexed hereto.

6.      As stated in that letter the answer to the outrageous claims made against me in current motion is rather simple – I submitted the affirmation to the Commercial Division seeking assignment of the case to Justice Bransten because this case solely revolves around the interpretation and effect of Justice Bransten's order in the prior case involving the same property (RDLF Financial Services v Bernstein, (Index No. 101391/09)).

7.      This case was obviously related to the prior case and would be properly decided by the same Judge.

8.      I am unaware of any statute, rule or other principle of law that imposed a burden or duty on me in said affirmation to make reference to the fact that Justice Bransten and I have known each other for a number of years, a common relationship that seasoned attorneys often have with judges in this and other Courts.

9.      In short, Plaintiff's pejorative and needlessly personal attacks on the Court and the undersigned simply underscore an adage as imparted to me many years ago by a retired Judge of the Federal Court that a motion for recusal is usually the last act of a desperate litigant.

WHEREFORE, it is respectfully submitted that Plaintiff's motion should be denied summarily in its entirety together with such other, further and different relief which this Court deems just and proper.

Dated: New York, New York
            October 13, 2009

                                                    _____
                                                    THEODORE S. STEINGUT

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
DAVID KING REAL PROPERTIES TWO LLC,  )
  )
                 Plaintiff,  )    Index No. 103724/2009
  )
  -v.-      )    **REPLY AFFIRMATION OF**
  )    **ERIC BAUM IN SUPPORT OF**
  )    **PLAINTIFF'S MOTION FOR**
HOUSTON ACQUISITION, LLC,  )    **RECUSAL**
MICHAEL ALBANO,  )
MARC BERNSTEIN,  )
BERNSTEIN & BERNSTEIN, LLP,  )
RDLF FINANCIAL SERVICES LLC,  )
RONI DERSOVTIZ,  )
THERESA ALBANO and  )
TITAN CAPITAL ID, LLC,  )
  )
               Defendants.  )
-------------------------------------------------------------X

        **ERIC BAUM,** an attorney duly admitted to practice before the Courts of the State of

New York, affirms the following to be true under penalties of perjury:

        1.    I am a member in good standing of the Bar of the State of New York and am a

partner of the firm of Simon Eisenberg & Baum, LLP, attorneys of record for Defendant David

King Real Properties Two LLC (hereafter "David King") in the above matter.

        2.    This Reply Affirmation is submitted in further support of David King's Motion

for Recusal and in response to the Affirmation in Opposition of Theodore S. Steingut and the

Brief which accompanies it.

        3.    There is much that is inaccurate in Mr. Steingut's submission to the Court and,

more important, there is nothing of factual or legal relevance to the determination of this motion.

As such, it serves only to emphasize the inevitability of recusal in this matter.

        4.    Citing and quoting legal authority, Mr. Steingut admits that when a judge is

"unable to serve with complete impartiality in appearance" that judge must recuse.  However,

instead of addressing the facts to which this legal standard must be applied, he then launches himself upon an attempt to shift the focus of analysis away from the issue raised in the motion. In three critical respects, Mr. Steingut's analysis is ill-founded in both fact and law.[1]

5.     First, Mr. Steingut accuses us of "engaging in gamesmanship of the worst order" and asserts he is "unaware of any statute, rule or other principle of law that imposed a burden or duty" upon him to disclose his relationship with Justice Bransten. Thus, he suggests that we have somehow dredged up this issue in order to "impede the orderly disposition of this case." This is not an accurate characterization of the record. It was <u>Justice Bransten</u>, in open court, who made the parties aware of her relationship with Mr. Steingut. It is strange, to say the least, that Mr. Steingut would fail to recognize that if Justice Bransten felt the obligation to make this disclosure then perhaps he, as an officer of the court, had a similar obligation, and even stranger that he would attempt to blame us for litigating an issue which the Court itself first raised.

6.     Second, Mr. Steingut makes no attempt whatsoever to lay out the details of his relationship with Justice Bransten, facts of which he, other than the Court itself, is singularly aware. He merely states that he and Justice Bransten have "known each other for a number of years, a common relationship of seasoned attorneys." This perfunctory characterization cannot be accurate. Justice Bransten would not have announced a warning to counsel in open court before taking the motion on submission simply because Mr. Steingut had appeared before her in numerous other cases. Such an issue, standing alone, would obviously not be grounds for concern about recusal. It is utterly obvious that Justice Bransten was referring to a relationship

---

[1]The decision cited, *Robert Marini Bldr. v. Rao*, 263 A.D. 2d 846 (3d Dept. 1999) has no factual similarity to the instant matter. No relationship between the one side of the litigation and the court was present in that matter, as it is here. Instead, it involved the claim that since the trial judge had been named as a party in an appeal challenging a contempt order, recusal was automatic. The *Rao* court simply held that it was not automatic, but required an analysis by the judge in question of the issue of bias and the appearance of bias. No decision is cited by Mr. Steingut in which it was held appropriate for a judge with an extensive personal relationship with one of the attorneys in a lawsuit to play an active role in the case, much less one where the attorney took active steps to move the matter into that judge's courtroom.

that goes well beyond repeated appearances before the bench accompanied by mutual recognition, yet Mr. Steingut would pretend otherwise. His response, in lieu of a forthright and detailed recitation of the nature of the relationship, only gives us even greater pause regarding the appearance of impropriety.

7.    Third, Mr. Steingut attempts to defend his decision to seek the transfer of this matter to Justice Bransten's courtroom by pointing to the fact that she had already adjudicated what he claims was a closely related matter. But this begs the question: Why did Mr. Steingut not disclose the relationship in question before that original adjudication was made? Surely, Mr. Steingut is not suggesting that two wrongs make a right. Had the disclosure been made at the time of the original ruling, we would have opposed Mr. Steingut's effort to transfer this matter to this Court. Furthermore, there was no logical or legal reason to ask to transfer this case to Justice Bransten just because she decided another action involving one of the same defendants (an action to which we were not even a party). Mr. Steingut's apparent suggestion that Justice Bransten is the only judge in New York County capable of correctly interpreting and applying her prior order, even assuming there was no basis for recusal when it was entered, is obviously incorrect. Such rulings are a matter of routine legal practice.

8.    For all of the foregoing reasons, David King's motion for recusal must be granted.

Dated: New York, NY
October 19, 2009

_____
ERIC BAUM, ESQ.

3

FILED: NEW YORK COUNTY CLERK 05/19/2010

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: HON. EILEEN BRANSTEN

PART 3

_____ Justice

| Index Number : 103724/2009 | |
| DAVID KING REAL PROPERTIES TWO, LLC | |
| VS. | |
| HOUSTON ACQUISITION, LLC | |
| SEQUENCE NUMBER :   # 001 | |
| SUMMARY JUDGMENT | |

INDEX NO.    103724-09

MOTION DATE    12/9/09

MOTION SEQ. NO.  # 001

MOTION CAL. NO.  _____

were read on this motion to/for _____

PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...    _____

Answering Affidavits — Exhibits _____    _____

Replying Affidavits _____    _____

Cross-Motion:   ☑ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion

**IS DECIDED IN ACCORDANCE WITH
THE ACCOMPANYING MEMORANDUM**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

**RECEIVED**

MAY 18 2010

MOTION SUPPORT OFFICE
NYS SUPREME COURT - CIVIL

Dated:   5-14-10                    _____
                                    HON. EILEEN BRANSTEN   J.S.C.

Check one:   ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART THREE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DAVID KING REAL PROPERTIES TWO, LLC

       Plaintiff,

         -against-

HOUSTON ACQUISITION LLC,
MICHAEL ALBANO, MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ, THERESA ALBANO
and TITAN CAPITAL ID, LLC,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No.: 103724/09
Motion Date: 12/9/09
Motion Seq. Nos.: 001, 002

PRESENT: EILEEN BRANSTEN, J.S.C.:

      Motion sequence numbers 001 and 002 are consolidated for disposition.

      Defendants Houston Acquisition LLC ("Houston Acquisition" or "Seller"), Michael

Albano ("Mr. Albano" or "Seller") and Theresa Albano ("Ms. Albano") (the "Moving

Defendants") move pursuant to CPLR 3212 for summary judgment to dismiss the complaint.

Plaintiff David King Real Properties Two, LLC ("David King") opposes the motion and

cross-moves for summary judgment.

      In motion sequence number 002, David King seeks judicial recusal.

*David King Real Properties v Houston Acquisition*

Index No.: 103724/09
Page 2

## BACKGROUND

On August 18, 2008, David King entered into a contract of sale (the "Contract") with Houston Acquisition for the purchase of real property located at 331 East Houston Street and 165 Ridge Street in New York, New York (collectively, the "Properties") (Compl at ¶ 10).

On August 28, 2008, David King and Houston Acquisition executed a "RIDER TO THE CONTRACT OF SALE BETWEEN HOUSTON ACQUISITION, LLC AND DAVID KING REAL PROPERTIES TWO, LLC" (the "Rider") (Affidavit of Bryan P. McCrossen in Support of Motion for Summary Judgment ["McCrossen Aff"], Ex A).[1]

David King deposited with Bernstein & Bernstein LLP ("B&B"), as escrow agent, an initial sum of $750,000.00 representing the down payment for the purchase of the Properties (the "Initial Down Payment") (*id.* at ¶ 11).

Defendant Marc A. Bernstein, a member of Houston Acquisition, was also the attorney for Houston Acquisition and Mr. Albano (*id.* at ¶¶ 12, 13).

Pursuant to a request by Houston Acquisition and Mr. Albano, David King later deposited with B&B a sum of $150,000.00 as an additional down payment (the "Additional Down Payment") (*id.* at ¶ 14).

---

[1] On August 28, 2008, Houston Acquisition transferred title of the Properties to Mr. Albano as permitted by paragraph 29 of the Rider. As a result of the transfer, Mr. Albano effectively replaced Houston Acquisition as "Seller" under the Contract.

*David King Real Properties v Houston Acquisition*                    Index No.: 103724/09
                                                                                                            Page 3

On September 2, 2008, David King retained Fidelity National Title Company, Inc. ("Fidelity") to order a title report regarding the Properties (*id.* at ¶ 15). Fidelity issued a title report that same day (the "Fidelity Title Report") (*id.* at ¶ 16). Houston Acquisition's attorney, Bernstein, and David King's attorneys, Simon, Eisenberg & Baum, LLP ("SEB"), each received a copy (*id.*).

Subsequently, SEB notified Bernstein that there were objections under the Fidelity Title Report and that it was Bernstein's responsibility to remove the objections prior to closing (*id.* at ¶ 17). SEB received no response from Bernstein regarding the objections to title (*id.* at ¶ 18).

On February 23, 2009, SEB contacted Bernstein to confirm whether Seller had cleared the objections to title (*id.*). SEB again received no response (*id.*).

Thereafter, B&B issued a time of the essence letter to David King that stated a closing of title was scheduled for February 23, 2009 at SEB's offices (*id.* at ¶ 19).

On February 23, 2009, Bernstein appeared at the offices of SEB (*id.* at ¶ 20). David King contends that title could not be closed on that date because Fidelity had conducted a continuation search of the Fidelity Title Report and discovered, among other things, that a lis pendens had been filed against the Properties based on an action commenced in the Supreme Court, New York County, under Index Number 101391/09 (the "RDLF Action") (*id.*). The RDLF Action was commenced by one of Houston Acquisition's lenders, RDLF

*David King Real Properties v Houston Acquisition*                    Index No.: 103724/09
                                                                      Page 4

and Dersovitz, who alleged a fraudulent deed transfer in the chain of title involving Mr.

Albano and Ms. Albano (*id.*).

When SEB inquired about the pending litigation with RDLF Financial Services, LLC

("RDLF") and Roni Dersovitz, Bernstein claimed that the Court had dismissed the action and

would issue an order to that effect (*id.* at ¶ 21).

Both Fidelity and SEB advised Bernstein that the pending action must be dismissed

with prejudice before proceeding to clear the remaining objections to title (*id.* at ¶ 22). David

King avers that Bernstein responded that he would obtain such an order (*id.*).

On February 23, 2009, SEB sent Bernstein a time of the essence letter scheduling a

closing for March 9, 2009 at the offices of SEB (*id.* at ¶ 23). SEB again advised Bernstein

that numerous title objections needed to be removed prior to closing (*id.*). David King avers

that Bernstein did not respond or remove any of the open title objections (*id.*).

On March 5, 2009, the law firm of Donovan & Giannuzzi, LLP ("D&G") notified

SEB that it would be representing Seller at the closing (*id.* at ¶ 25). SEB demanded that

D&G notify it of the whereabouts of David King's Initial Down Payment (*id.*). David King

avers that D&G did not respond regarding the Initial Down Payment (*id.*). Instead, D&G

notified SEB that it was ready, willing and able to close title and forwarded to SEB a time

of the essence letter scheduling a closing for March 9, 2009 at the offices of SEB (*id.*).

*David King Real Properties v Houston Acquisition*                    Index No.: 103724/09
                                                                      Page 5

SEB responded that Fidelity would not insure title for the Properties unless the objections set forth in the Fidelity Title Report were cleared (*id.* at ¶ 26).

On March 9, 2009, counsel from D&G appeared at the offices of SEB (*id.* at ¶ 27). Fidelity again reviewed the file with its legal counsel, who advised it in writing that Fidelity would not insure title given the outstanding exceptions (*id.*).

SEB advised D&G that David King was ready, willing and able to close title and that the full amount of the funds were available, but that David King would not close title until such time as the objections to title were cleared (*id.* at ¶ 31).

Bernstein and Mr. Albano appeared at SEB's offices (*id.* at ¶ 32). David King contends that Bernstein refused to confirm that the Initial Down Payment was and had been held in his attorney's escrow account (*id.*). David King further asserts that Bernstein was unable to produce a "so-ordered" stipulation or court order discontinuing the RDLF Action with prejudice (*id.*).

SEB demanded an accounting of the escrow fund and the immediate return of David King's Initial Down Payment and Additional Down Payment (*id.* at ¶ 33). David King avers that Bernstein stated that his banker was unavailable, but that he would furnish the requested documentation the next day (*id.*). SEB did not receive the requested documentation (*id.*).

David King believes that Bernstein or B&B paid out the Initial Down Payment to a person or persons unknown (*id.* at ¶ 34). David King also believes that RDLF, Dersovitz,

*David King Real Properties v Houston Acquisition*                    Index No.: 103724/09
                                                                      Page 6

Titan Capital ID, LLC and Ms. Albano, have or may have or claim to have some interest in

or lien upon the Properties (*id.* at ¶ 35).

David King commenced this action asserting causes of action for breach of contract

(first) and foreclosure (second) against Houston Acquisition and Mr. Albano; and breach of

fiduciary duty (third), conversion (fourth) and fraud (fifth) against Bernstein and B&B.

Houston Acquisition, Mr. Albano and Ms. Albano move pursuant to CPLR 3212 for

summary judgment to dismiss the complaint.

David King cross-moves for summary judgment directing defendants to return the

$900,000 down payment to plaintiff and compensating David King for the cost of buying a

title report and an updated survey.  Alternatively, in the event that summary judgment is not

granted to either party, David King seeks an order directing payment of the down payment[2]

into Court in accordance with the terms of the Contract.  Lastly, David King seeks to enter

default judgments against Bernstein and B&B.

David King also moves for judicial recusal.

---

[2] Confusingly, David King's Notice of Cross-Motion seeks an "Order: (a) . . .
granting summary judgment to plaintiff on its Verified Complaint; (b) directing
defendants to return the $900,000 [down payment] . . . (c) in the event that summary
judgment is not granted to either party, directing *plaintiff* to forthwith pay the [down
payment] into Court in accordance with the terms of the parties' Contract of Sale" (Notice
of Cross-Motion at 1 [emphasis added]).

*David King Real Properties v Houston Acquisition*

Index No.: 103724/09
Page 7

## ANALYSIS

### I. Motions for summary judgment

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Vermette v Kenworth Truck Co.*, 68 NY2d 714, 717 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). The party opposing the motion must then come forward with sufficient evidence to create an issue of fact for the consideration of the jury (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman*, 49 NY2d at 560). Mere conclusions, expressions of hope or unsubstantiated allegations are insufficient (*Alvord and Swift v Steward M. Muller Constr. Co.*, 46 NY2d 276, 281-82 [1978]).

The Moving Defendants argue that at the closing for the purchase and sale of the Properties on March 9, 2009, David King failed to tender funds to Seller for the balance of the purchase price in direct violation of the Contract and that David King failed to show proof of the availability of such funds (*see* McCrossen Aff at ¶ 18).

Regarding Seller's obligations at the closing, the Moving Defendants contend that Mr. Albano "tendered the deed to the [Properties] and delivered all other related transfer documents and other deliverables required under the Contract" (*id.* at ¶ 19).

*David King Real Properties v Houston Acquisition*                Index No.: 103724/09
                                                                              Page 8

Accordingly, the Moving Defendants maintain that David King defaulted on and breached the Contract by failing to pay the balance of purchase price upon Seller's alleged tender of the deed to the Properties (*see id.* at ¶ 20).

David King responds that section 13 of the Contract obligates Seller to "remove any defects in or objections to title" that are set forth in a title report (McCrossen Aff, Ex A at § 13.01). David King maintains that Seller failed to remove the objection to title that was set forth in the Fidelity Title Report. Fidelity had required Seller to obtain either a court order or a "so-ordered" stipulation of discontinuance with prejudice to end the RDLF Action (*see* Affidavit of Kevin M. Campbell at ¶¶ 4-7). Because Seller "failed to provide Fidelity with documentation necessary to clear this exception," Fidelity informed David King's counsel that Fidelity was "not in [a] position to insure this transaction" (*id.* at ¶ 7).

In response to David King's assertion that it was not obligated to close because Fidelity would not issue a title policy with respect to the Properties, the Moving Defendants counter that the Contract does not specify that a particular title company had to be used. The Moving Defendants rely on section 1.02 of the Contract which provides:

"Seller [Mr. Albano] shall convey and Purchaser [David King] shall accept fee simple title to the [Properties] in accordance with the terms of this contract, subject only to: (a) . . . and (b) such other matters as (i) the title insurer specified in Schedule D attached hereto (or *if none is specified, then any title insurer licensed to do business by the State of New York*) shall be willing, without special premium, to omit as exceptions to coverage or to except with

*David King Real Properties v Houston Acquisition*          Index No.: 103724/09
Page 9

title insurance against collection out of or enforcement against the [Properties]" (McCrossen Aff, Ex A [emphasis added]).

The Moving Defendants argue that two insurance companies certified title to the Properties to be insurable (*see id.* at ¶ 26). Accordingly, the Moving Defendants urge that David King's unwillingness to accept title insurance from either company prevented the purchase and sale to close on the closing date and resulted in David King's default of the Contract. Based on David King's purported default, the Moving Defendants seek to retain the down payment under the Contract, as liquidated damages, and to cancel the Contract (*see id.* at ¶ 28).

David King rejoins that while the Contract does not specifically designate a title company, section 13 of the Contract conditions the closing on the removal of exceptions to title by a title company selected by the "Purchaser" – here, David King (Affirmation of Eric Baum in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Cross-motion for Summary Judgment at ¶ 20).

Section 13.01 provides:

"Purchaser shall promptly order an examination of title and shall cause a copy of the title report to be forwarded to Seller's attorney upon receipt. Seller shall be entitled to a reasonable adjournment or adjournments . . . to remove any defects in or objections to title noted in such title report and any other objections which may be disclosed on or prior to the Closing Date" (McCrossen Aff, Ex A).

"Where the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law and the case is ripe for summary judgment" (*American Exp.*

*David King Real Properties v Houston Acquisition*                     Index No.: 103724/09
                                                                       Page 10

*Bank Ltd. v Uniroyal, Inc.*, 164 AD2d 275, 277 [1st Dept 1990]).  On the other hand, a

"contract is ambiguous if it is 'susceptible to more than one reasonable interpretation'"

(*Discovision Assoc. v Fuji Photo Film Co., Ltd.*, __ AD3d __, __, 2010 NY Slip Op 1895,

*1 [1st Dept 2010] [citation omitted]).

      Here, sections 1.02 and 13.01 of the Contract may be reasonably construed in a

manner other than the constructions advanced by the parties.  While the Moving Defendants

argue that section 1.02 permits using any title insurer to insure the Properties, a plain reading

of the Contract does not unequivocally allow Houston Acquisition or Mr. Albano to choose

a title insurer.  Nor does a plain reading reveal whether the Contract permits Houston

Acquisition or Mr. Albano to choose an alternative title insurer after David King's title

insurer has refused to insure.

      Section 13.01 makes the question of whether Seller, David King or both may choose

a title insurer even less clear.  While section 13.01 charges David King with the obligation

to order an examination of title, section 13.01 does not make clear that David King holds the

exclusive authority to choose a title insurer.  David King's failure to cite actual language

from any provision in the Contract further undermines its contention that section 13.01

"*explicitly* conditions the closing on the removal of exceptions to title as set forth in a title

report prepared by title company selected by the Purchaser" (Baum Aff at ¶ 20).

*David King Real Properties v Houston Acquisition*                    Index No.: 103724/09
                                                                          Page 11

Accordingly, because both the Moving Defendants and David King fail to establish

an unambiguous construction of the relevant provisions as a matter of law, summary

judgment is inappropriate (*NFL Enters. LLC v Comcast Cable Communications*, 51 AD3d

52, 58 [1st Dept 2008]; *LoFrisco v Winston & Strawn LLP*, 42 AD3d 304, 307-308 [2007];

*see Fundamental Portfolio Advisors v Tocqueville Asset Management*, 7 NY3d 96, 106

[2006] [viewing the facts in the light most favorable to the non-moving party, the movant

failed to establish prima facie entitlement to summary judgment]).


## II. David King's application to direct payment
## of the down payment into Court

Paragraph 24 of the Rider states that:

"[s]hould their [*sic*] be a claim of default by the seller the Seller's attorney
shall immediately advise the Purchaser's attorney of said claim. If the matter
is not resolved within twenty (20) day's [*sic*], Seller's attorney, as the
stakeholder, shall move the court for an order to pay the funds into court until
there is resolution between the parties either by agreement or by judicial
determination" (McCrossen Aff, Ex A).

David King argues that, in accordance with paragraph 24 of the Rider, Seller's

attorney, Bernstein, must pay the down payment funds into Court because the dispute here

at issue was not resolved within 20 days.

Although none of the defendants submitted opposition to David King's request, David

King fails to demonstrate entitlement to an order directing Bernstein to deposit the down

*David King Real Properties v Houston Acquisition*                Index No.: 103724/09
                                                                                    Page 12

payment with the Court. Paragraph 24 of the Rider plainly obligates Seller's attorney, Bernstein, to make the application. Because David King offers no reason to ignore the protocol prescribed by the parties and sets forth no authority for this Court to impose the requested order, its motion for summary judgment directing payment of the down payment into Court is denied without prejudice.

### III. David King's motion for default judgment against Bernstein and B&B

CPLR 3215 (a) permits a plaintiff to seek a default judgment, "[w]hen a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him."

However, on such an application, a plaintiff must submit sufficient proof. "On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint . . . , and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party" (CPLR 3215 [f]). "Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney" (*id.*).

*David King Real Properties v Houston Acquisition*

Index No.: 103724/09
Page 13

Aside from the verified complaint, David King offers no evidence demonstrating proof of service of the summons and the complaint, the default and the amount due. Accordingly, David King's motion for default judgment against Bernstein and B&B is denied with leave to make the application anew.

### IV. <u>Motion for judicial recusal</u>

It is settled that "[a]bsent a legal disqualification under Judiciary Law § 14 [here, not an issue], recusal is a discretionary decision within the personal conscience of the court" (*Matter of Alizia McK.*, 25 AD3d 429, 430 [2006]; *Best v Best*, 302 AD2d 295 [2003]).

In support of David King's motion for judicial recusal, it avers that it "learned for the first time that the Court had a prior relationship with Theodore S. Steingut, the attorney who represents Defendant Theresa Albano in this matter and who argued the motion on her behalf. The extent of the relationship has not been explored" (Affirmation of Eric Baum in Support of Plaintiff's Motion for Recusal at ¶ 4).

David King contends that its "basis for requesting recusal is not simply the existence of a prior relationship but also [its] concern that Mr. Steingut made a request in May of this year to remove this action to the Commercial Division and specifically requested that it be assigned to Justice Bransten" (*id.* at ¶ 5).

*David King Real Properties v Houston Acquisition*                    Index No.: 103724/09
                                                                                    Page 14

David King asserts that the appearance of impropriety has been or will be created
because David King "only learned about the connection between the Court and Mr. Steingut
because the Court itself felt compelled to disclose it at oral argument, and because Mr.
Steingut never told us about the connection at all"; and that "[s]hould the defendants prevail,
a cloud would hover over that result, the cloud of possible favoritism and undue influence"
(*id.* at ¶ 7).

Mr. Steingut responds that he sought "assignment of the case to Justice Bransten
because this case solely revolves around the interpretation and effect of Justice Bransten's
order in the prior case involving the same property (RDLF Financial Services v Bernstein,
(Index No. 101391/09))" (Affirmation of Theodore Steingut in Opposition to Motion for
Recusal at ¶ 6).

The action titled "RDLF Financial Services v Bernstein, (Index No. 101391/09)"
referred to by Mr. Steingut is the same action referred to in this Decision and Order as the
"RDLF Action" (*see* Decision and Order at 3). Curiously, David King expresses doubt as
to relevance of this action and the RDLF Action (*see* Reply Affirmation of Eric Baum in
Support of Plaintiff's Motion for Recusal at ¶ 7 ["Mr. Steingut attempts to defend his
decision to seek the transfer of the matter to Justice Bransten's courtroom by pointing to the
fact that (Justice Bransten) had already adjudicated what he claims was a closely related
matter"]). Yet, in the complaint, David King expressly refers to the RDLF Action as the

*David King Real Properties v Houston Acquisition*                     Index No.: 103724/09
                                                                       Page 15

"Underlying Court Action," noting that the RDLF Action was one of the reasons Fidelity

refused to insure title (Compl at ¶ 20).

  Based on the foregoing, David King fails to set forth any basis to infer proof of bias

or prejudice (*Schreiber-Cross v State of New York*, 31 AD3d 425, 425 [2d Dept 2006]).

  "Recusal, as a matter of due process, is required only where there exists a direct,

personal, substantial or pecuniary interest in reaching a particular conclusion, or where a

clash in judicial roles is seen to exist" (*People v Alomar*, 93 NY2d 239, 246 [1999]). On a

motion for recusal, "a trial judge is the sole arbiter of recusal and his or her decision . . . will

not be disturbed absent an abuse of discretion" (*Kampfer v Rase*, 56 AD3d 926, 926 [3d Dept

2008] [citations omitted]).

  This Court has no bias or prejudice that would prevent it from being fair and impartial

in this case and, therefore, David King's motion for recusal is denied.

*David King Real Properties v Houston Acquisition*                    Index No.: 103724/09
                                                                      Page 16

Accordingly, it is

ORDERED that the Moving Defendants' motion for summary judgment is denied;

and it is further

ORDERED that David King's cross-motion for summary judgment is denied; and it

is further

ORDERED that David King's motion for recusal is denied.

This constitutes the Decision and Order of the Court.
May  14  , 2010

ENTER:

Hon. Eileen Bransten, J.S.C.

FILED: NEW YORK COUNTY CLERK 06/28/2010
NYSCEF DOC. NO. 33

INDEX NO. 103724/2009
RECEIVED NYSCEF: 06/28/2010

R-JI: 5/15/09

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------x

DAVID KING REAL PROPERTIES

Plaintiff(s)

- against -

HOUSTON ACQUISITION et al,

Defendant(s)
-----------------------------------------x

Present: Eileen Bransten
Justice
IAS PART 3
Index No. 103724/09
DCM Track: Expedited

E-FILE

**PRELIMINARY CONFERENCE
ORDER
COMMERCIAL DIVISION**

APPEARANCES:
Plaintiff(s): Simon, Eisenberg & Baum, LLP by Edward Alper

Defendant(s): Donovan & Giannuzzi, LLP by Bryan McCrossen

It is hereby ORDERED that disclosure shall proceed as follows:
(1) BILL OF PARTICULARS (See CPLR 3130(1)):
    (a) Demand for a bill of particulars shall be served by either party on or before 7/15/10
    (b) Bill of particulars shall be served by either party on or before 8/15/10

(2) DOCUMENT PRODUCTION:
    (a) Demand for discovery and inspection shall be served by either party on or before 8/31/10
    (b) Response to demand shall be served by either party on or before 9/15/10

(3) INTERROGATORIES:
    (a) Interrogatories shall be served by either party on or before 8/31/10
    (b) Answers to interrogatories shall be served by either party on or before 10/15/10

(4) DEPOSITION ON ORAL QUESTIONS:
    [ ] Plaintiff(s)    [ ] Defendant(s)    [X] All Parties
shall be held on or before 12/31/10

FILED
Jun 28 2010
NEW YORK
COUNTY CLERK'S OFFICE

103724/09 David King Real Properties
v
Houston

Page 2 of 2

(5) OTHER DISCLOSURE: _____

_____

_____

_____

_____

(6) If a motion relating to disclosure has raised additional disclosure issues, the parties shall: _____

_____

_____

_____

(7) IMPLEADER: Shall be completed on or before  1/3/11

(8) END DATE FOR ALL DISCLOSURE:  2/28/11

(9) COMPLIANCE CONFERENCE: Shall be held on  11/16/10 @9:30

(10) MOTIONS: Any dispositive motion(s) shall be made on or before  30 days after 11/1 —

(11) NOTE OF ISSUE:  π or Δ  shall file a note of issue/certificate of readiness on or before  3/28/11

_____

A copy of this order shall be served and filed with the note of issue.

THE DATES SET FORTH HEREIN MAY NOT BE ADJOURNED EXCEPT WITH APPROVAL OF THE COURT

SO ORDERED:

Dated:  6/22/10

ADDITIONAL DIRECTIVES  BRANSTEN

In addition to the directives set forth above, it is further ORDERED as follows:

_____

_____

_____

_____

_____

_____

_____

_____

FILED
Jun 28 2010
NEW YORK
COUNTY CLERK'S OFFICE

SO ORDERED:

Dated: _____  , J.S.C.

FILED: NEW YORK COUNTY CLERK 06/28/2010

INDEX NO. 103724/2009

NYSCEF DOC. NO. 33

RECEIVED NYSCEF: 06/28/2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

DAVID KING REAL
PROPERTIC

Plaintiff(s)

- against -

HOUSON ACQUISITION
et als,

Defendant(s)

-------------------------------------------------------------x

Present: Eileen Bransten
                                                    Justice

IAS PART 3

Index No. 103724/09

DCM Track: Expedited

RSI: 5/15/09

E-FILE

PRELIMINARY CONFERENCE
ORDER
COMMERCIAL DIVISION

APPEARANCES:
Plaintiff(s): Simon, Eisenberg & Baum, LLP by Edward Alper

Defendant(s): Donovan & Giannuzzi, LLP by Bryan McCrossen

It is hereby ORDERED that disclosure shall proceed as follows:

(1) BILL OF PARTICULARS (See CPLR 3130(1)):

(a) Demand for a bill of particulars shall be served by either party on or before 7/15/10

(b) Bill of particulars shall be served by either party on or before 8/15/10

(2) DOCUMENT PRODUCTION:

(a) Demand for discovery and inspection shall be served by either party on or before 8/31/10

(b) Response to demand shall be served by either party on or before 9/15/10

(3) INTERROGATORIES:

(a) Interrogatories shall be served by either party on or before 8/31/10

(b) Answers to interrogatories shall be served by either party on or before 10/15/10

(4) DEPOSITION ON ORAL QUESTIONS:

[ ] Plaintiff(s)    [ ] Defendant(s)    [X] All Parties

shall be held on or before 12/31/10

FILED

Jun 28 2010

NEW YORK
COUNTY CLERK'S OFFICE

103724/09 David King Real Properties
Houston

Page 2 of 2

(5) OTHER DISCLOSURE: _____

_____

_____

_____

(6) If a motion relating to disclosure has raised additional disclosure issues, the parties shall: _____

_____

_____

(7) IMPLEADER: Shall be completed on or before _1/3)/11_ .

(8) END DATE FOR ALL DISCLOSURE: _2/28/11_

(9) COMPLIANCE CONFERENCE: Shall be held on _11/16/10 @ 9:30_

(10) MOTIONS: Any dispositive motion(s) shall be made ~~on or before~~ _30 days after N/1 —_

(11) NOTE OF ISSUE: _π or Δ_ shall file a note of issue/certificate of readiness on or before _3/28/11_

_____

A copy of this order shall be served and filed with the note of issue.

THE DATES SET FORTH HEREIN MAY NOT BE ADJOURNED EXCEPT WITH APPROVAL OF THE COURT

SO ORDERED:

Dated: _6/22/10_

ADDITIONAL ~~DIRECTIVES~~ DIRANSTEN

In addition to the directives set forth above, it is further ORDERED as follows:

_____

_____

_____

_____

_____

_____

_____

_____

FILED
Jun 28 2010
NEW YORK
COUNTY CLERK'S OFFICE

SO ORDERED:

Dated: _____    _____, J.S.C.

FILED: NEW YORK COUNTY CLERK 12/06/2010

NYSCEF DOC. NO. 34

INDEX NO. 103724/2009

RECEIVED NYSCEF: 12/06/2010

## SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK

David King Real Properties LLC

Plaintiff(s),

INDEX NO. 103724/09

IAS PART 3

-against-

Houston Acquisition

Defendant(s).

**COMPLIANCE CONFERENCE ORDER**

On NOV. 23, 2010, a conference was held in this case. The parties appeared as follows:

Plaintiff(s) _____ by CARY ABRAMS / SIMON Eisenberg + Baum

Defendant(s) Alkanasst Harron by THEODORE S. STEINGUT

The Court has determined that the Court's Case Management Order of _____, 20___ has not been complied with in that _____

Accordingly, it is ORDERED that WRITTEN DISCOVERY TO BE PROVIDED BY 12/23/10. DEPOSITIONS ON 1/26/11 - DEF'S HAVE PRIORITY (IN WRITING). PLAINTIFF TO STATE ANY DISCOVERY OBJECTIONS BY 12/3/10 + IF ANY SUCH OBJECTIONS - COURT CONFERENCE TO BE HELD ON 12/17/10

STATUS

Enter:

_____ J.S.C.

**HON. EILEEN BRANSTEN**

Dated: 11/23/10

W/OUT PREJUDICE TO DEF'S POS, BUT THAT SUCH OBJECTIONS ARE WAIVED

TS-13c (rev 2/1/93)

Scanned to New York EF on _____

FILED: NEW YORK COUNTY CLERK 07/21/2011
NYSCEF DOC. NO. 35

INDEX NO. 103724/2009
RECEIVED NYSCEF: 07/21/2011

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

David King Real Prop.

v

Hudson Acquisition LLC
et al

INDIVIDUAL ASSIGNMENT PART __3__

**STIPULATION**

INDEX NO. 103724/05

MOTION CALENDAR NO.

DATE 6/14/11

IT IS HEREBY STIPULATED AND AGREED by and between the below-named attorney(s) as follows:

1) D's to respond to π's continued discovery demands, interrogatories, + notice to admit dated 9/8/2010, except to extent already responded - within 30 days from today

2) Party EBT's - on or before - 8/30/11

3) NOI - on or before - 10/31/11

4) Status conf. - 8/9/11 @ 11 AM

5) This order is binding on D's counsel, present + future

Date: 6/14/11

_____
Attorney for Plaintiff

_____
Attorney for Defendant  order thru Bergstein + RDLF + TITAN

So Ordered.

_____
Attorney for Defendant

ENTER: _____
J.S.C.
**HON. EILEEN BRANSTEN**

SC-8G (rev 2/86)

FILED: NEW YORK COUNTY CLERK 09/14/2011

INDEX NO. 103724/2009

NYSCEF DOC. NO. 36

RECEIVED NYSCEF: 09/14/2011

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK**

David King Real Props

v

Houston Aquisition LLC

INDIVIDUAL ASSIGNMENT PART  3

~~STIPULATION~~  ORDER

INDEX NO.  103724/09

MOTION CALENDAR NO.

DATE  9/6/11

ORDERED t.b.d.

IT IS HEREBY ~~STIPULATED AND AGREED~~ by and between the below-named attorney(s) as follows:

1) Party + non-party EBTS — on or before — 12/2/11

2) NOI — on or before — 1/31/12

3) stats conf — 1/10/12

Date:  9/6/11

So Ordered.

ENTER: _____
              J.S.C.

**HON. EILEEN BRANSTEN**

Attorney for Plaintiff

Attorney for Defendant

Attorney for Defendant

SC-8G (rev 2/86)

At an I.A.S. Part _____ of the Supreme Court
of the State of New York held in and for the
County of New York at the Courthouse at 60
Centre Street, New York, New York on this
day of ____ 2012

PRESENT:

HON.

                  Justice

-----------------------------------------------------------------X

**DAVID KING REAL PROPERTIES TWO, LLC,**

                Plaintiff,

      -against-

**HOUSTON ACQUISITION, LLC,**
**MICHAEL ALBANO,**
**MARC A. BERNSTEIN,**
**BERNSTEIN & BERNSTEIN, LLP,**
**RDLF FINANCIAL SERVICES, LLC**
**RONI DERSOVITZ,**
**THERESA ALBANO, and**
**TITAN CAPITAL ID, LLC,**

                Defendants.

-----------------------------------------------------------------X

**New York County Clerk's**
**Index No. 103724-09**

**<u>ORDER TO SHOW CAUSE</u>**

       Upon the annexed affirmation of Robert F. Moraco, dated February 28th, 2012, and upon

all prior papers and proceedings heretofore had herein,

       LET the Defendant show cause before this Court, in courtroom 442 thereof, to be held at

I.A.S. Part 3 of the Supreme Court in the Courthouse, located at 60 Centre Street, New York, New

York, on the    _____ day of March, 2012 at 9:30 a.m. or as soon thereafter as this motion

can be heard, why an order should not be entered herein extending the notices of pendency filed in this action on March 20, 2009, for an additional 3 years, and it is further

ORDERED that personal service of a copy of this order to show cause and the papers upon which it was granted be made upon the defendants herein, by service upon their attorney George Santangelo at 111 Broadway, New York, New York 10006 by personal delivery on or before _____ _____ 2012, and that such service be deemed good and sufficient notice of this application.


ENTER


_____
J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

DAVID KING REAL PROPERTIES TWO LLC,

                    Plaintiff,

        -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

                    Defendants.

-----------------------------------------------------------------X

New York County Clerk's
Index No. 103724-09


**AFFIRMATION**


    1.      I, Robert F. Moraco, Esq., a member of the firm of Simon, Eisenberg & Baum,

LLP, counsel for the plaintiff David King Real Properties Two, LLC in this matter, respectfully

affirm under the penalties of perjury:

    2.      I have personal knowledge of the facts contained in this Affirmation which I

submit in support of this request to extend the notices of pendency filed on March 20, 2009 by

David King for an additional 3 years pursuant to CPLR 6513 with respect to the two properties

located at 165 Ridge Street and 331 East Houston Street, New York, New York, which are the

subject matter of this action.

**Emergency Nature of this Application**

3.       The notices of pendency filed in this action shall expire on March 19, 2012,

unless an order extending the lis pendens is entered, docketed and recorded on the subject real

property. The plaintiff was stayed from taking any steps in this action by reason of the automatic

stay imposed as a result of the bankruptcy petition filed by the defendant Albano,. On February

27, 2012 Bankruptcy Judge Sean H Lane modified the stay to permit the plaintiff to preserve its

contract vendee's lien during the bankruptcy proceeding.

**The Facts**

4.       On August 18, 2008, David King Real Properties Two, LLC ("David King"), a

New York limited liability company, entered into a Contract of Sale (the "Contract") in which it

agreed to purchase two properties known as and located at 165 Ridge Street and 331 East

Houston Street, New York, New York (the "Premises") from an entity known as Houston

Acquisition, LLC ("Houston") for price of $7,500,000.00 (the "Purchase Price"). Thereafter,

upon information and belief, on or about August 28, 2008, Houston transferred title to the

Premises and assigned the Contract to Michael Albano ("Albano"). Albano thereby became the

seller of the Premises.

5.       Marc A. Bernstein ("Bernstein"), as a member of Houston, executed the Contract,

and, as a partner of the law firm of Bernstein & Bernstein, LLP (the "Bernstein Law Firm"),

signed the Contract as the designated escrow agent for the down payment.

6.       Pursuant to the terms of the Contract, David King paid a $750,000.00 initial down

payment to Bernstein, acting as the designated escrow agent under the Contract. Subsequently,

David King paid an additional down payment of $150,000.00 to Houston to defray certain costs

and expenses that the seller was incurring prior to the sale.

7.    Under Paragraphs 23-24 of the Rider to the Contract, Bernstein was obligated to maintain the down payment in an attorney escrow account, or to move the court for an order to pay the funds into court if there was a dispute between the parties concerning the down payment. Bernstein, failed to do either. Instead, he converted the down payment.

8.    Although David King was ready, willing and able to complete the transaction, Albano was unable to provide marketable title, and the transaction was never consummated.

9.    The properties known as 331 Houston Street and designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 17 and 165 Ridge Street and designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 19, were transferred in a tax-free or nominee transaction from Houston Acquisition, LLC to Michael Albano through a deed dated August 22, 2008 and recorded on November 24, 2008.

10.    In March 2009, David King commenced this action in the Supreme Court of the State of New York, County of New York against Houston Acquisitions, Albano and other defendants. The Complaint contains causes of action against Houston and Albano for breach of contract and for the foreclosure of a contract vendee's lien. It also contains causes of action against Bernstein and the Bernstein Law Firm for breach of fiduciary duty, conversion, and fraud.

11.    On March 20, 2009, David King filed notices of pendency in connection with the action to foreclose a contract vendee's lien for its down payment under the Contract between David King as contract vendee and Houston and Albano as contract vendors for the real property known as 331 Houston Street and designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 17 and known as 165 Ridge Street and designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 19..

12.    While Albano and Houston appeared in the Supreme Court Action and served an Answer to the Complaint, Bernstein never appeared or answered. Thereafter, Houston and Albano moved for summary judgment dismissing the Complaint, and David King cross-moved for summary judgment on its Complaint.

13.    In a Decision dated May 14, 2010, the Court denied both motion and cross-motion for summary judgment, finding triable issues of fact concerning the construction provisions of the Contract. In addition, the Supreme Court denied a request by David King to direct Bernstein to deposit the $900,000.00 into court, holding that the Contract only entitled the seller to make such a request.

14.    On or about October 25, 2011, Michael Albano filed a chapter 11 petition, which resulted in an automatic stay of the Supreme Court Action pursuant to 11 U.S.C. § 362(a).

15.    The parties were before the Bankruptcy Court on February 27, 2012 on several matters, including the application of David King as Creditor to modify the automatic imposed by 11 U.S.C. 362 in order to permit David King to move in this action to extend the lis pendens. The Bankruptcy Judge granted the motion without opposition by the Debtor Albano.

16.    According to CPLR § 6513:

> A notice of pendency shall be effective for a period of three years from the date of filing. Before expiration of a period or extended period, the court, upon motion of the plaintiff and upon such notice as it may require, for good cause shown, may grant an extension for a like additional period. An extension order shall be filed, recorded and indexed before expiration of the prior period.

17.    The notices of pendency filed by David King on the subject real properties will expire three years from March 20, 2009, or on March 19, 2012. Its expiration will effectively end the contract vendee's lien action.

18.     Due to the impending March 19, 2012 expiration of the notice of pendency, David

King has moved via Order to Show Cause rather than noticing the request through a motion due

to the time constraints involved. If David King were not to proceed in this manner, there may be

a forfeiture of all of its rights. If this process is not expedited through this Order to Show Cause,

David King likely will not have enough time to complete the process to extend the notices of

pendency.

19.     David King would like to extend the period, and requests this Court issue an

Order granting an extension of the notice of pendency for an additional three year period.

**No Prior Application**

20.     David King has never made a prior application for the relief sought. We have

proceeded by order to show cause because of the need for expedition..

**WHEREFORE** it is respectfully requested that this Order to Show cause be entered, that

the application for a 3 year extension be granted and that the attached proposed Order be entered.

Robert F. Moraco, Esq.

Dated: New York, New York
       February 28, 2012

At an I.A.S. Part _____ of the Supreme Court
of the State of New York held in and for the
County of New York at the Courthouse at 60
Centre Street, New York, New York on this
day of _____ 2012

PRESENT:

HON.

Justice

-----------------------------------------------------------------X

**DAVID KING REAL PROPERTIES TWO LLC,**

Plaintiff,

-against-

**HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,**

Defendants.

-----------------------------------------------------------------X

**New York County Clerk's
Index No. 103724-09**

**ORDER**

    Plaintiff having moved for an order extending the period of effectiveness of the

notices of pendency in this action filed in the Office of the County Clerk of the County of New

York on March 20, 2009 and the defendants having not opposed the motion,

    NOW upon reading and filing the Order to Show Cause of the Honorable Ellen

Branston, dated February ___ 2012, the affirmation of Robert F. Moraco, *dated* February ____

2012 , with attached exhibit, in support of the motion and defendant having failed to submit any papers in opposition to the motion, and upon hearing Robert F. Moraco, Esq., attorney for the plaintiff in support of the motion, and George Santangelo, Esq., attorney for the defendants in opposition, it is Ordered that:

      1.     The period of effectiveness of the notices of pendency of this action filed in the office of the County Clerk of the County of  New York County on March 20, 2009, upon the complaint of the plaintiff, David King Real Properties Two LLC, et al, affecting the premises known as 331 Houston Street and designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 17 and 165 Ridge Street and designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 19 is hereby further extended for a period of *three years* from March ___ 2012.

      2.     This order shall be filed, recorded, and indexed prior to the expiration of the notice of pendency now in force.

Dated: New York, New York

.March ___ 2012.

Enter.

_____
Justice, Supreme Court
New York  County

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

DAVID KING REAL PROPERTIES
TWO, LLC,

                                     Plaintiff,

          -against-

HOUSTON ACQUISTION LLC,
MICHAEL ALBANO, MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ, THERESA ALBANO
and TITAN CAPITAL ID, LLC,

                                     Defendants.

-----------------------------------------------------------------x

**FILED
COUNTY CLERK
N.Y. COUNTY
2009 MAR 20  PM 1:22**

**NOTICE OF PENDENCY TO
FORECLOSE A CONTRACT
VENDEE'S LIEN**

Index No.  *10 3724/09*

          **NOTICE IS HEREBY GIVEN** that an action is to be commenced and shall be

pending in this Court, upon the Complaint of the above named plaintiff, against the above named

defendants, to foreclose the lien of plaintiff for its down payment under a contract of sale between

plaintiff, DAVID KING REAL PROPERTIES TWO, LLC as contract vendee, and MICHAEL

ALBANO and HOUSTON ACQUISITION LLC as contract vendors.

          The real property affected by said action is situated entirely within the County of

New York and is known as 165 Ridge Street, and is designated on the tax map of the City of New

York, Borough of Manhattan as Block 345, Lot 19.

Dated: New York, New York
          March 17, 2009

SIMON, EISENBERG & BAUM, LLP
Attorneys for Plaintiff
24 Union Square East, Suite 500
New York, New York 10003
(212) 353-8700

TO:  THE CLERK OF THE COUNTY OF NEW YORK:

You are hereby directed to index the within Notice of Pendency of action against the

following named defendants:   HOUSTON ACQUISTION LLC, MICHAEL ALBANO,

MARC A. BERNSTEIN, BERNSTEIN & BERNSTEIN, LLP, RDLF FINANCIAL SERVICES,

LLC, RONI DERSOVITZ, THERESA ALBANO and TITAN CAPITAL ID, LLC.


Dated:  March 17, 2009

SIMON, EISENBERG & BAUM, LLP
Attorneys for Plaintiff
Office & P.O. Address
24 Union Square East, Suite 500
New York, New York 10003
(212)  353-8700

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

DAVID KING REAL PROPERTIES
TWO, LLC,

                                    Plaintiff,

              -against-

HOUSTON ACQUISTION LLC,
MICHAEL ALBANO, MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ, THERESA ALBANO and
TITAN CAPITAL ID, LLC,

                                    Defendants.

------------------------------------------------------------------x

FILED
COUNTY CLERK
N.Y. COUNTY

2009 MAR 20  PM 1:22

**NOTICE OF PENDENCY TO
FORECLOSE A CONTRACT
VENDEE'S LIEN**

Index No. *10 3724/09*

        **NOTICE IS HEREBY GIVEN** that an action is to be commenced and shall be

pending in this Court, upon the Complaint of the above named plaintiff, against the above named

defendants, to foreclose the lien of plaintiff for its down payment under a contract of sale between

plaintiff, DAVID KING REAL PROPERTIES TWO, LLC as contract vendee, and HOUSTON

ACQUISITION LLC and MICHAEL ALBANO, as contract vendors.

        The real property affected by said action is situated entirely within the County of

New York and is known as 331 Houston Street, and is designated on the tax map of the City of New

York, Borough of Manhattan, as Block 345, Lot 17.

Dated: New York, New York
        March 17, 2009

SIMON, EISENBERG & BAUM, LLP
Attorneys for Plaintiff
24 Union Square East, Suite 500
New York, New York 10003
(212) 353-8700

TO:  THE CLERK OF THE COUNTY OF NEW YORK:

You are hereby directed to index the within Notice of Pendency of action against the

following named defendants:   HOUSTON ACQUISTION LLC, MICHAEL ALBANO,

MARC A. BERNSTEIN, BERNSTEIN & BERNSTEIN, LLP, RDLF FINANCIAL SERVICES,

LLC, RONI DERSOVITZ, THERESA ALBANO and TITAN CAPITAL ID, LLC.

Dated:  March 17 , 2009

SIMON, EISENBERG & BAUM, LLP
Attorneys for Plaintiff
Office & P.O. Address
24 Union Square East, Suite 500
New York, New York 10003
212)  353-8700

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

DAVID KING REAL PROPERTIES TWO LLC,            New York County Clerk's
                                               Index No. 103724/09

                        PLAINTIFF,

            -Against-

HOUSTON ACQUISITIONS, LLC et al.,

                        RESPONDENTS.
-----------------------------------------------------------------X

## ORDER TO SHOW CAUSE

ROBERT F. MORACO, ESQ.
SIMON EISENBERG & BAUM, LLP
ATTORNEYS FOR RESPONDENT/LANDLORD
24 UNION SQUARE EAST, FIFTH FLOOR
NEW YORK, NY 10003
TELEPHONE: (212) 353-8700
FACSIMILE: (212) 353-1708

Signature (Rule 130-1.1-a)

Robert F. Moraco, Esq.

FILED: NEW YORK COUNTY CLERK 02/29/2012    INDEX NO. 103724/2009

NYSCEF DOC. NO. 39,    RECEIVED NYSCEF: 02/29/2012

At an I.A.S. Part 3 of the Supreme Court of the State of New York held in and for the County of New York at the Courthouse at 60 Centre Street, New York, New York on this 29th day of Feb, 2012

MOTION SEQUENCE #003

PRESENT:

HON. EILEEN BRANSTEN

Justice

---------------------------------------------------------------X

**DAVID KING REAL PROPERTIES TWO, LLC,**

Plaintiff,

-against-

**HOUSTON ACQUISITION, LLC,**
**MICHAEL ALBANO,**
**MARC A. BERNSTEIN,**
**BERNSTEIN & BERNSTEIN, LLP,**
**RDLF FINANCIAL SERVICES, LLC**
**RONI DERSOVITZ,**
**THERESA ALBANO, and**
**TITAN CAPITAL ID, LLC,**

Defendants.

---------------------------------------------------------------X

New York County Clerk's Index No. 103724-09

**ORDER TO SHOW CAUSE**

Upon the annexed affirmation of Robert F. Moraco, dated February 28th, 2012, and upon all prior papers and proceedings heretofore had herein,

LET the Defendant show cause before this Court, in courtroom 442 thereof, to be held at I.A.S. Part 3 of the Supreme Court in the Courthouse, located at 60 Centre Street, New York, New York, on the ___13___ day of March, 2012 at 10:15 a.m. or as soon thereafter *as this motion*

can be heard, why an order should not be entered herein extending the notices of pendency filed in

this action on March 20, 2009, for an additional 3 years, and it is further

ORDERED that personal service of a copy of this order to show cause and the papers upon

which it was granted be made upon the defendants herein, by service upon their attorney George

Santangelo at 111 Broadway, New York, New York 10006 by personal delivery on or before _____

_____ 2012, and that such service be deemed good and sufficient notice of this application.

ENTER

J.S.C. HON. EILEEN BRANSTEN

ORDERED, that opposition papers, if any,
shall be served on the _____
on or before ___5 - 8 - 12___ .

ORAL ARGUMENT
DIRECTED
HON. EILEEN BRANSTEN, J.S.C.

All papers with PROPER TABS must be
delivered to the courtroom (442) by 3 pm
on or before  3/8/12

SIMON, EISENBERG & BAUM

February 29, 2012

Supreme Court of the State of New York
60 Centre Street
New York, New York 10007

Attn:   Hon. Eileen Brandsten,
        Court Room 442

        Re:    **David King etc., et. Houston Acquisition etc., et. al.**
               **103724-09**
               <u>**Return Date: March 13, 2012**</u>

Dear Madam Justice Brandsten:

        I represent the plaintiff and enclose:

        1.  Proof of personal service of the Order to Show Cause and supporting papers
            on February 29, 2012;

        2.  A Proposed Order (which is an Exhibit to the Order to Show Cause).

        I submit the Proposed Order based upon my assumption that I will not receive opposition
papers from Houston Acquisition and Michael Albano on March 8, 2012 as required by the
Order to Show Cause. They did not object to my Order to Show Cause in bankruptcy court to
modify the automatic stay to permit this application before you. If indeed there is no opposition,
I would respectfully request that you sign the Proposed Order at the close of business on the 8th.
        I would be happy to appear on the 9th to walk the Order through the process of entry and
docketing. As previously indicated in my papers, I must complete this process by the 19th under
CPLR 6513.

                                        Respectfully,

                                        SIMON, EISENBERG & BAUM, LLP

                                        By:

                                        Robert F. Moraco, Esq.

cc:     George Santangelo, Esq.,

SIMON, EISENBERG & BAUM, LLP
REAL ESTATE•LITIGATION•CORPORATE•ESTATE PLANNING•ENTERTAINMENT LAW
24 UNION SQUARE EAST  FIFTH FLOOR  NEW YORK NY 10003
36 MAPLE PLACE MANHASSET NY 11030
PH 212 353 8700 FAX 212 353 1708
simonandeisenberg.com

FILED: NEW YORK COUNTY CLERK 02/29/2012                     INDEX NO. 103724/2009

NYSCEF DOC. NO. 41                                          RECEIVED NYSCEF: 02/29/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

DAVID KING REAL PROPERTIES TWO LLC,                New York County Clerk's
                                                   Index No. 103724-09
                        Plaintiff,


            -against-                                      AFFIRMATION OF SERVICE

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

                        Defendants.

-------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF NEW YORK          ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,
☐
☐

  that I am **a member of the firm of Simon Eisenberg & Baum, LLP**
the attorney(s) of record for **Plaintiff**                              in the within action;
On February 29, 2012 at noon I personally served the Order to Show Cause of the Hon. Eileen
Bransten, dated February 29, 2012 and the supporting papers upon George Santangelo, Esq., at
111 Broadway 10th Floor New York New York by delivering the same to his receptionist K
Frankis. She acknowledged her receipt by so indicating on the first page of the Order to Show
Cause.

        I affirm that the foregoing statements are true, under the penalties of perjury.


Dated:  February 29, 2012
        New York, NY

                                                   Robert F. Moraco, Esq.

At an I.A.S. Part 3 of the Supreme Court
of the State of New York held in and for the
County of New York at the Courthouse at 60
Centre Street, New York, New York on this 29th
day of Feb, 2012

MOTION SEQUENCE #003

PRESENT:

HON. EILEEN BRANSTEN

Justice

-------------------------------------------------X

DAVID KING REAL PROPERTIES TWO, LLC,

New York County Clerk's
Index No. 103724-09

Plaintiff,

ORDER TO SHOW CAUSE

-against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

RCVD BY K. Francis FOR George
Santangels
2/29 K. Graham

Defendants.

-------------------------------------------------X

Upon the annexed affirmation of Robert F. Moraco, dated February 28th, 2012, and upon

all prior papers and proceedings heretofore had herein,

LET the Defendant show cause before this Court, in courtroom 442 thereof, to be held at

I.A.S. Part 3 of the Supreme Court in the Courthouse, located at 60 Centre Street, New York, New

York, on the ___13___ day of March, 2012 at 10:15 a.m. or as soon thereafter *as this motion*

can be heard, why an order should not be entered herein extending the notices of pendency filed in

this action on March 20, 2009, for an additional 3 years, and it is further

     ORDERED that personal service of a copy of this order to show cause and the papers upon

which it was granted be made upon the defendants herein, by service upon their attorney George

Santangelo at 111 Broadway, New York, New York 10006 by personal delivery on or before _____

_____ 2012, and that such service be deemed good and sufficient notice of this application.


    ENTER


                          J.S.C. **HON. EILEEN BRANSTEN**


**ORDERED, that opposition papers, if any,
shall be served on the ___
on or before 5-8-12 .**


**ORAL ARGUMENT
DIRECTED**
**HON. EILEEN BRANSTEN .S.C.**

All papers with PROPER TABS must be
delivered to the courtroom (442) by 3 pm
on or before 3/8/12

At an I.A.S. Part ____ of the Supreme Court
of the State of New York held in and for the
County of New York at the Courthouse at 60
Centre Street, New York, New York on this
day of ___ 2012

PRESENT:

HON.

                        Justice
-------------------------------------------------------------------X

**DAVID KING REAL PROPERTIES TWO LLC,**            New York County Clerk's
                                                   Index No. 103724-09
                    Plaintiff,

                                                        **ORDER**

        -against-

**HOUSTON ACQUISITION, LLC,**
**MICHAEL ALBANO,**
**MARC A. BERNSTEIN,**
**BERNSTEIN & BERNSTEIN, LLP,**
**RDLF FINANCIAL SERVICES, LLC**
**RONI DERSOVITZ,**
**THERESA ALBANO, and**
**TITAN CAPITAL ID, LLC,**

                    Defendants.

-------------------------------------------------------------------X

        Plaintiff having moved for an order extending the period of effectiveness of the

notices of pendency in this action filed in the Office of the County Clerk of the County of New

York on March 20, 2009 and the defendants having not opposed the motion,

        NOW upon reading and filing the Order to Show Cause of the Honorable Ellen

Branston, dated February __ 2012, the affirmation of Robert F. Moraco, *dated* February ___

2012 , with attached exhibit, in support of the motion and defendant having failed to submit any papers in opposition to the motion, and upon hearing Robert F. Moraco, Esq., attorney for the plaintiff in support of the motion, and George Santangelo, Esq., attorney for the defendants in opposition, it is Ordered that:

     1.    The period of effectiveness of the notices of pendency of this action filed in the office of the County Clerk of the County of New York County on March 20, 2009, upon the complaint of the plaintiff, David King Real Properties Two LLC, et al, affecting the premises known as 331 Houston Street and designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 17 and 165 Ridge Street and designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 19 is hereby further extended for a period of *three years* from March ___ 2012.

     2.    This order shall be filed, recorded, and indexed prior to the expiration of the notice of pendency now in force.

Dated: New York, New York

.March ___ 2012.

Enter.

_____
Justice, Supreme Court
New York County

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FILED
COUNTY CLERK
N.Y. COUNTY
2009 MAR 20  PM 1: 22

------------------------------------------------------------------x

DAVID KING REAL PROPERTIES
TWO, LLC,

                                        Plaintiff,

                    -against-

HOUSTON ACQUISTION LLC,
MICHAEL ALBANO, MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ, THERESA ALBANO and
TITAN CAPITAL ID, LLC,

                                        Defendants.

**NOTICE OF PENDENCY TO
FORECLOSE A CONTRACT
VENDEE'S LIEN**

Index No.  *10 3724/09*

------------------------------------------------------------------x

      **NOTICE IS HEREBY GIVEN** that an action is to be commenced and shall be

pending in this Court, upon the Complaint of the above named plaintiff, against the above named

defendants, to foreclose the lien of plaintiff for its down payment under a contract of sale between

plaintiff, DAVID KING REAL PROPERTIES TWO, LLC as contract vendee, and HOUSTON

ACQUISITION LLC and MICHAEL ALBANO, as contract vendors.

      The real property affected by said action is situated entirely within the County of

New York and is known as 331 Houston Street, and is designated on the tax map of the City of New

York, Borough of Manhattan, as Block 345, Lot 17.

Dated: New York, New York
       March 17, 2009

SIMON, EISENBERG & BAUM, LLP
Attorneys for Plaintiff
24 Union Square East, Suite 500
New York, New York 10003
(212) 353-8700

TO:  THE CLERK OF THE COUNTY OF NEW YORK:

You are hereby directed to index the within Notice of Pendency of action against the

following named defendants:  HOUSTON ACQUISTION LLC, MICHAEL ALBANO,

MARC A. BERNSTEIN, BERNSTEIN & BERNSTEIN, LLP, RDLF FINANCIAL SERVICES,

LLC, RONI DERSOVITZ, THERESA ALBANO and TITAN CAPITAL ID, LLC.

Dated:  March 17 , 2009

SIMON, EISENBERG & BAUM, LLP
Attorneys for Plaintiff
Office & P.O. Address
24 Union Square East, Suite 500
New York, New York 10003
212)  353-8700

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DAVID KING REAL PROPERTIES
TWO,LLC,

Plaintiffs,

-against-

HOUSTON ACQUISTION LLC, MICHAEL ALBANO,
MARC A. BERNSTEIN, BERSTEIN & BERSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC RONI DERSOVITZ,
THERESA ALBANO and TITAN CAPITAL ID, LLC,

Defendants.

---

**NOTICE OF PENDENCY TO FORECLOSE A CONTRACT
VENDEE'S LIEN**

---

SIMON EISENBERG & BAUM, LLP
24 UNION SQUARE EAST
SUITE 500
NEW YORK, NEW YORK 10003
(212) 353-8700

Signature (Rule 130-1.1-a)

ERIC M.BAUM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

DAVID KING REAL PROPERTIES
TWO, LLC,

                              Plaintiff,

        -against-

HOUSTON ACQUISTION LLC,
MICHAEL ALBANO, MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ, THERESA ALBANO
and TITAN CAPITAL ID, LLC,

                              Defendants.

------------------------------------------------------------------x

**FILED
COUNTY CLERK
N.Y. COUNTY**

2009 MAR 20  PM 1:22

**NOTICE OF PENDENCY TO
FORECLOSE A CONTRACT
VENDEE'S LIEN**

Index No. 10 3724/09

**NOTICE IS HEREBY GIVEN** that an action is to be commenced and shall be

pending in this Court, upon the Complaint of the above named plaintiff, against the above named

defendants, to foreclose the lien of plaintiff for its down payment under a contract of sale between

plaintiff, DAVID KING REAL PROPERTIES TWO, LLC as contract vendee, and MICHAEL

ALBANO and HOUSTON ACQUISITION LLC as contract vendors.

        The real property affected by said action is situated entirely within the County of

New York and is known as 165 Ridge Street, and is designated on the tax map of the City of New

York, Borough of Manhattan as Block 345, Lot 19.

Dated: New York, New York
       March 17, 2009

SIMON, EISENBERG & BAUM, LLP
Attorneys for Plaintiff
24 Union Square East, Suite 500
New York, New York 10003
(212) 353-8700

TO:  THE CLERK OF THE COUNTY OF NEW YORK:

You are hereby directed to index the within Notice of Pendency of action against the

following named defendants:   HOUSTON ACQUISTION LLC, MICHAEL ALBANO,

MARC A. BERNSTEIN, BERNSTEIN & BERNSTEIN, LLP, RDLF FINANCIAL SERVICES,

LLC, RONI DERSOVITZ, THERESA ALBANO and TITAN CAPITAL ID, LLC.

Dated:  March 17, 2009

SIMON, EISENBERG & BAUM, LLP
Attorneys for Plaintiff
Office & P.O. Address
24 Union Square East, Suite 500
New York, New York 10003
(212)  353-8700

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DAVID KING REAL PROPERTIES
TWO, LLC,

Plaintiffs,

-against-

HOUSTON ACQUSITION LLC, MICHAEL ALBANO,
MARC A. BERNSTEIN, BERSTEIN & BERSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC RONI DERSOVITZ,
THERESA ALBANO and TITAN CAPITAL ID, LLC,

Defendants.

---

**NOTICE OF PENDENCY TO FORECLOSE A CONTRACT
VENDEE'S LIEN**

---

SIMON EISENBERG & BAUM, LLP
24 UNION SQUARE EAST
SUITE 500
NEW YORK, NEW YORK 10003
(212) 353-8700

Signature (Rule 130-1.1-a)

ERIC M. BAUM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
DAVID KING REAL PROPERTIES TWO LLC,                    New York County Clerk's
                                                       Index No. 103724/09

                        PLAINTIFF,

            -Against-

HOUSTON ACQUISITIONS, LLC et al.,

                        RESPONDENTS.
------------------------------------------------------------X

============================================================
                        PROPOSED ORDER
============================================================

                    ROBERT F. MORACO, ESQ.
                  SIMON EISENBERG & BAUM, LLP
                ATTORNEYS FOR RESPONDENT/LANDLORD
                24 UNION SQUARE EAST, FIFTH FLOOR
                        NEW YORK, NY 10003
                    TELEPHONE: (212) 353-8700
                    FACSIMILE: (212) 353-1708

                                    Signature (Rule 130-1.1-a)



                                    _____
                                        Robert F. Moraco, Esq.

SIMON, EISENBERG & BAUM

March 5, 2012

Supreme Court of the State of New York
60 Centre Street
New York, New York 10007

Attn:  Hon. Eileen Brandsten,
       Court Room 442

       Re:   David King etc., et. Houston Acquisition etc., et. al.
             103724-09
             <u>Return Date: March 13, 2012</u>

Dear Madam Justice Brandsten:

       I represent the plaintiff and write to request that my application to extend the notice of
pendency returnable on the 13th be adjourned and accelerated to tomorrow upon the ground that
my adversary has consented to the application and this is an emergency. Tomorrow I shall present
to the Court Clerk:

       1.  A copy of the affirmation of my adversary George L. Santangelo, dated
           February 29, 2012 consenting to my application;

       2.  A  Proposed Order (revised to reflect the consent);

       3.  A copy of the Order of U.S. Bankruptcy Judge Sean H. Lane, modifying the
           automatic stay to permit me to make this application;( it was not previously
           available );

       I would respectfully request that you sign the Proposed Order on the 6th. I would be
happy to wait and to walk the Order through the process of entry and docketing. As previously
indicated in my papers, under CPLR 6513, I must complete this process by the 19th .

                              Respectfully,

                              SIMON, EISENBERG & BAUM, LLP

                              By: _____
                                   Robert F. Moraco, Esq.

cc:    George Santangelo, Esq.,

SIMON, EISENBERG & BAUM, LLP
REAL ESTATE·LITIGATION·CORPORATE·ESTATE PLANNING·ENTERTAINMENT LAW
24 UNION SQUARE EAST  FIFTH FLOOR  NEW YORK NY 10003
36 MAPLE PLACE MANHASSET NY 11030
PH 212 353 8700 FAX 212 353 1708
simonandeisenberg.com

FILED: NEW YORK COUNTY CLERK 03/05/2012

NYSCEF DOC. NO. 44

INDEX NO. 103724/2009

RECEIVED NYSCEF: 03/05/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

DAVID KING REAL PROPERTIES TWO LLC,

New York County Clerk's
Index No. 103724-09

        Plaintiff,

**AFFIRMATION OF SERVICE**

    -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

        Defendants.

-------------------------------------------------------------------X

STATE OF NEW YORK, COUNTY OF NEW YORK    ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐

☐

 that I am **a member of the firm of Simon Eisenberg & Baum, LLP**
the attorney(s) of record for **Plaintiff**                in the within action;
On March 5, 2012 at noon I personally served the letter to the Court, dated March 5, 2012,
a copy of the affirmation of George Santangelo, dated February 29, 2012, the Proposed  Order for
signature by the Hon. Eileen Bransten, and a copy of the order of U.S. Bsankruptcy Judge Sean
H. Lane upon George Santangelo, Esq., at 111 Broadway 10th Floor New York New York by
placing the same in a properly addressed postage paid envelope and delivering the same the US
Post Office .

   I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: March 5, 2012
      New York, NY

                          Robert F. Moraco, Esq

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:

Index No.: 103724/09

DAVID KING REAL PROPERTIES TWO, LLC

**AFFIRMATION**

Plaintiff,

-against-

HOUSTON ACQUISITION LLC, MICHAEL ALBANO,
MARC A. BERNSTEIN, BERSTEIN & BERSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC, RONI DERSOVITZ,
THERESA ALBANO and TITAN CAPITAL ID, LLC

Defendants.

George L. Santangelo, Esq. an attorney duly admitted to practice before the Courts of the

State of New York, affirms under the penalties of perjury as follows:

1.      I am the attorney for Michael Albano, Theresa Albano and Houston Acquisitions,

LLC and submit this affirmation in response to the application of Plaintiff to extend the notices

of pendency filed in this action on March 20, 2009 for an additional 3 years.

2.      I am authorized to consent to the relief requested by Plaintiff but nevertheless

must correct statements made in the supporting papers.

3.      Plaintiff paid defendant Bernstein $150,000 as the designated Escrow Agent

under the contract. (See para. 6, Moraco Affirmation)

4.      Albano was able to provide marketable title and Plaintiff was unwilling to

complete the transaction. (See para. 8, Moraco Affirmation)

5.      Albano demanded return of the $900,000 from Bernstein. (See para. 13, Moraco

Affirmation).

Dated: New York, NY
       29 February 2012

GEORGE L. SANTANGELO, ESQ.
Attorney for Plaintiff, Michael Albano
111 Broadway, Suite 1000
New York, NY 10006
(212) 269-4488

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:

Index No.: 103724/09

---

DAVID KING REAL PROPERTIES TWO, LLC

**AFFIDAVIT OF SERVICE BY MAIL**

Plaintiff,

-against-

HOUSTON ACQUISITION LLC, MICHAEL ALBANO,
MARC A. BERNSTEIN, BERSTEIN & BERSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC, RONI DERSOVITZ,
THERESA ALBANO and TITAN CAPITAL ID, LLC,

Defendants.

---

STATE OF NEW YORK      )
                       )   SS.
COUNTY OF NEW YORK  )

K. Francis, being duly sworn, deposes and says:

I am over 18 years of age and not a party to this action. On February 29, 2012, I served an

Attorney Affirmation upon Simon Eisenberg & Baum LLP, by mailing a true copy of the

attached papers, enclosed and properly sealed in a postpaid envelope, which I deposited in an

official depository under the exclusive care and custody of the United States Postal Services

within the State of New York addressed 24 Union Square East, Suite 500, New York, NY

10003, the address designated for service of papers.

Signature: *K. Francis*

Sworn to before me
this 29th day of February, 2012

*Notary Public or Court Employee*
RICHARD ADRIAN MEDINA
Notary Public, State of New York
No. 02ME6048452
Qualified in New York County
Commission Expires 9/25/2010

Index No. 103724/09

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
============================================================

DAVID KING REAL PROPERTIES TWO, LLC

Plaintiff,

-against-

HOUSTON ACQUISITION LLC, MICHAEL ALBANO,
MARC A. BERNSTEIN, BERSTEIN & BERSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC, RONI DERSOVITZ,
THERESA ALBANO and TITAN CAPITAL ID, LLC,

Defendants.
============================================================

## ATTORNEY'S AFFIRMATION
============================================================

GEORGE L. SANTANGELO, ESQ.
Attorney for the DEFENDANTS, Michael Albano,
Theresa Albano and Houston Acquisitions, LLC
111 Broadway, Suite 1000
New York, New York 10006
212-269-4488
============================================================

Attorney(s) for DEFENDANTS
============================================================

Service of a copy of the within            is hereby admitted.
Dated:

................................................
Attorney(s) for _____
============================================================

PLEASE TAKE NOTICE
          That the within is a (certified) true copy of a
entered in the office of the clerk of the within
named Court on        2012

          That an Order of which the within is a true copy will be presented for Settlement to the
Hon.          one of the judges of the within named Court, at                              on
at

Dated:

GEORGE L. SANTANGELO, ESQ.
Attorney for DEFENDANT
111 BROADWAY
SUITE 1000
NEW YORK, NY 10006

TO:

At an I.A.S. Part ____ of the Supreme Court
of the State of New York held in and for the
County of New York at the Courthouse at 60
Centre Street, New York, New York on this
day of ___ 2012

PRESENT:

   HON.

                Justice

-----------------------------------------------------------------X

**DAVID KING REAL PROPERTIES TWO LLC,**

          Plaintiff,

   -against-

**HOUSTON ACQUISITION, LLC,**
**MICHAEL ALBANO,**
**MARC A. BERNSTEIN,**
**BERNSTEIN & BERNSTEIN, LLP,**
**RDLF FINANCIAL SERVICES, LLC**
**RONI DERSOVITZ,**
**THERESA ALBANO, and**
**TITAN CAPITAL ID, LLC,**

          Defendants.

-----------------------------------------------------------------X

**New York County Clerk's
Index No. 103724-09**

**<u>ORDER</u>**

    Plaintiff having moved for an order extending the period of effectiveness of the

notices of pendency in this action filed in the Office of the County Clerk of the County of New

York on March 20, 2009 and the defendants having not opposed the motion,

    NOW upon reading and filing the Order to Show Cause of the Honorable Ellen

Branston, dated February __ 2012, the affirmation of Robert F. Moraco, *dat*ed February ___

2012 , with attached exhibit, in support of the motion and the affirmation of George L.

Santangelo, dated February 29, 2012 consenting  to the motion, and upon hearing Robert F.

Moraco, Esq., attorney for the plaintiff in support of the motion, and George Santangelo, Esq.,

attorney for the defendants in opposition, it is Ordered that:

            1.      The period of effectiveness of the notices of

pendency of this action filed in the office of the County Clerk of the County of  New York

County on March 20, 2009, upon the complaint of the plaintiff, David King Real Properties Two

LLC, et al, affecting the premises known as 331 Houston Street and designated on the tax map of

the City of New York, Borough of Manhattan, as Block 345, Lot 17 and 165 Ridge Street and

designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 19

is hereby further extended for a period of *three years* from March ___ 2012.

        2.      This order shall be filed, recorded, and indexed prior to the expiration of the

notice of pendency now in force.


Dated: New York, New York

.March ___ 2012.



                                   Enter.

                                   _____

                                   Justice, Supreme Court
                                   New York  County

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

DAVID KING REAL PROPERTIES
TWO, LLC,

                          Plaintiff,

            -against-

HOUSTON ACQUISTION LLC,
MICHAEL ALBANO, MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ, THERESA ALBANO and
TITAN CAPITAL ID, LLC,

                       Defendants.

------------------------------------------------------------------x

FILED
COUNTY CLERK
N.Y. COUNTY

2009 MAR 20  PM 1:22

**NOTICE OF PENDENCY TO
FORECLOSE A CONTRACT
VENDEE'S LIEN**

Index No. *10 3724/09*

      **NOTICE IS HEREBY GIVEN** that an action is to be commenced and shall be pending in this Court, upon the Complaint of the above named plaintiff, against the above named defendants, to foreclose the lien of plaintiff for its down payment under a contract of sale between plaintiff, DAVID KING REAL PROPERTIES TWO, LLC as contract vendee, and HOUSTON ACQUISITION LLC and MICHAEL ALBANO, as contract vendors.

      The real property affected by said action is situated entirely within the County of New York and is known as 331 Houston Street, and is designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 17.

Dated: New York, New York
       March 17, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X

DAVID KING REAL PROPERTIES TWO LLC,                    New York County Clerk's
                                                        Index No. 103724/09

                          PLAINTIFF,

              -Against-

HOUSTON ACQUISITIONS, LLC et al.,

                          RESPONDENTS.
--------------------------------------------------------------X

## PROPOSED ORDER

ROBERT F. MORACO, ESQ.
SIMON EISENBERG & BAUM, LLP
ATTORNEYS FOR RESPONDENT/LANDLORD
24 UNION SQUARE EAST, FIFTH FLOOR
NEW YORK, NY 10003
TELEPHONE: (212) 353-8700
FACSIMILE: (212) 353-1708

Signature (Rule 130-1.1a)

Robert F. Moraco, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                    :        Case No. 11-14948 (SHL)
                                                         :
MICHAEL ALBANO,                                          :        Chapter 11
                                                         :
                                    Debtor.              :        **ORDER**
------------------------------------------------------------X

     This Matter having come before the Court by Order to Show Cause by Simon, Eisenberg

& Baum, LLP, attorneys for Creditor, David King Real Properties Two, LLC ("David King"),

and the Court having reviewed the papers and opposition, if any, it is

     **ORDERED** that automatic stay imposed by 11 U.S.C. § 362(a) is modified to the extent

that David King may file an order to show cause in the Supreme Court of the State of New York,

County of New York, seeking to extend the 3 year time period of the notice of pendency in its

action to foreclose a contract vendee's lien on the real property known as 331 Houston Street and

designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 17

and as 165 Ridge Street and designated on the tax map of the City of New York, Borough of

Manhattan, as Block 345, Lot 19.


     **March 2, 2012**


                    /s/ Sean H. Lane
                    Honorable Sean H. Lane
                    United States Bankruptcy Judge

FILED: NEW YORK COUNTY CLERK 03/09/2012

NYSCEF DOC. NO. 48

INDEX NO. 103724/2009

RECEIVED NYSCEF: 03/09/2012

At an I.A.S. Part ___3___ of the Supreme Court
of the State of New York held in and for the
County of New York at the Courthouse at 60
Centre Street, New York, New York on this 6 th
day of ____ 2012

PRESENT:

HON.      HON. EILEEN BRANSTEN

                Justice      J.S.C

--------------------------------------------------------------X

DAVID KING REAL PROPERTIES TWO LLC,

                Plaintiff,

            -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

                Defendants.

--------------------------------------------------------------X

New York County Clerk's
Index No. 103724-09

**ORDER**

         Plaintiff having moved for an order extending the period of effectiveness of the

notices of pendency in this action filed in the Office of the County Clerk of the County of New

York on March 20, 2009 and the defendants having not opposed the motion,

         NOW upon reading and filing the Order to Show Cause of the Honorable Ellen

Branston, dated February 29 2012, the affirmation of Robert F. Moraco, *dated* February 28

David King Real Properties Two LLC     Index N°
v Houston Acquisitions LLC             103724/09
                    et al              p. 2 of 2

2012 , with attached exhibit, in support of the motion and the affirmation of George L.

Santangelo, dated February 29, 2012 consenting to the motion, and upon hearing Robert F.

Moraco, Esq., attorney for the plaintiff in support of the motion, and George Santangelo, Esq.,

attorney for the defendants in opposition, it is Ordered that:

    1.    The period of effectiveness of the notices of

pendency of this action filed in the office of the County Clerk of the County of New York

County on March 20, 2009, upon the complaint of the plaintiff, David King Real Properties Two

LLC, et al, affecting the premises known as 331 Houston Street and designated on the tax map of

the City of New York, Borough of Manhattan, as Block 345, Lot 17 and 165 Ridge Street and

designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 19

is hereby further extended for a period of *three years* from March ___ 2012.

    2.    This order shall be filed, recorded, and indexed prior to the expiration of the

notice of pendency now in force.


Dated: New York, New York

.March 6 2012.




                                        Enter.



                                        Justice, Supreme Court
                                        New York County

                            HON. EILEEN BRANSTEN
                                        J.S.C.

FILED: NEW YORK COUNTY CLERK 04/13/2012

NYSCEF DOC. NO. 49

INDEX NO. 103724/2009

RECEIVED NYSCEF: 04/13/2012

SUPREME COURT OF THE STATE OF NEW YORK – NEW YORK COUNTY
PRESENT:  Hon. Eileen Bransten, Justice          PART 3
----------------------------------------------------------------------x
DAVID KING REAL PROPERTIES TWO LLC,

        Plaintiff,

        -against-

HOUSTON ACQUISITION, LLC, MICHAEL
ALBANO, MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC,
RONI DERSOVITZ, THERESA ALBANO,
and TITAN CAPITAL ID, LLC,

        Defendants.
----------------------------------------------------------------------x

Index No.: 103724/09
Motion Seq. No. 003
Motion Date: 3/6/12

The following papers, numbered 1 to 1, were read on this motion for an extension of effectiveness of notices of pendency.

| | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause - Affidavits - Exhibits | 1 |
| Answering Affidavits - Exhibits | |
| Replying Affidavits | |

Cross-Motion: ☐ Yes    X No

FOR THE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOLLOWING REASON(s):

    This motion is decided per the Order of March 6, 2012 (NYSCEF

document no. 48).

Dated: April 10, 2012

                                , J.S.C.
                           Hon. Eileen Bransten

Check One:         ☐ FINAL DISPOSITION    X NON-FINAL DISPOSITION
Check if appropriate:  ☐ DO NOT POST   ☐ REFERENCE   ☐ SETTLE/SUBMIT ORDER/JUDG.

At an I.A.S. Part ___3___ of the Supreme Court
of the State of New York held in and for the
County of New York at the Courthouse at 60
Centre Street, New York, New York on this 6 th
day of ____ 2012

PRESENT:

HON.    HON. EILEEN BRANSTEN

                Justice          J.S.C

-------------------------------------------------------X

DAVID KING REAL PROPERTIES TWO LLC,

                Plaintiff,

          -against-

HOUSTON ACQUISITION, LLC,
MICHAEL ALBANO,
MARC A. BERNSTEIN,
BERNSTEIN & BERNSTEIN, LLP,
RDLF FINANCIAL SERVICES, LLC
RONI DERSOVITZ,
THERESA ALBANO, and
TITAN CAPITAL ID, LLC,

                Defendants.

-------------------------------------------------------X

New York County Clerk's
Index No. 103724-09

**ORDER**

Scanned to New York EF on

          Plaintiff having moved for an order extending the period of effectiveness of the

notices of pendency in this action filed in the Office of the County Clerk of the County of New

York on March 20, 2009 and the defendants having not opposed the motion,

          NOW upon reading and filing the Order to Show Cause of the Honorable Ellen

Branston, dated February 29 2012, the affirmation of Robert F. Moraco, *dated* February 28

David King Real Properties Two LLC   Index No
v Houston Acquisiting LLC   103724/09
et al   p.2/2

2012 , with attached exhibit, in support of the motion and the affirmation of George L.

Santangelo, dated February 29, 2012 consenting to the motion, and upon hearing Robert F.

Moraco, Esq., attorney for the plaintiff in support of the motion, and George Santangelo, Esq.,

attorney for the defendants in opposition, it is Ordered that:

      1.    The period of effectiveness of the notices of

pendency of this action filed in the office of the County Clerk of the County of New York

County on March 20, 2009, upon the complaint of the plaintiff, David King Real Properties Two

LLC, et al, affecting the premises known as 331 Houston Street and designated on the tax map of

the City of New York, Borough of Manhattan, as Block 345, Lot 17 and 165 Ridge Street and

designated on the tax map of the City of New York, Borough of Manhattan, as Block 345, Lot 19

is hereby further extended for a period of *three years* from March ___ 2012.

      2.    This order shall be filed, recorded, and indexed prior to the expiration of the

notice of pendency now in force.

Dated: New York, New York

.March 6 2012.

Enter.

Justice, Supreme Court
New York County

**JON. EILEEN BRANSTEN
J.S.C.**

PLAINTIFF'S CROSS MOTION AND RELATED DOCUMENTS

TO BE FILED UNDER SEPARATE COVER